**ABC GREAT STORES, INC., et al.,**
**Plaintiffs,**

**v.**

**GLOBE TICKET COMPANY et al.,**
**Defendants.**

**Misc. No. 69–514.**

United States District Court,
E. D. Pennsylvania.

Jan. 22, 1970.

Supplemental Memorandum and Order
Feb. 20, 1970.

See also D.C., 304 F.Supp. 1052.

Daniel H. Margolis, Washington, D. C., for plaintiffs.

Peter Hearn, Pepper, Hamilton & Scheetz, for defendants.

John J. Hughes for the Dept. of Justice.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

This is a civil treble damages action alleging a price-fixing conspiracy in violation of Section 1 of the Sherman Act. 15 U.S.C. § 1. Additional actions have been filed in various districts throughout the nation, and pursuant to the Multidistrict litigation statute, 28 U.S.C. § 1407, all the cases have been consolidated for discovery purposes in the Northern District of Illinois.

These civil actions arise out of indictments returned in the Eastern District of Pennsylvania. Pleas of nolo contendere were accepted and sentence imposed in November of 1967. In connection with the sentencing, the Antitrust Division submitted two memoranda to the Probation Department and one to the Court. All three documents contain excerpts and summaries of testimony before the indicting grand jury.

Plaintiff in the present case has served a notice of deposition on Donald G. Balthis, Esq., Chief of the Middle Atlantic Office of the Antitrust Division, and a subpoena duces tecum requiring Mr. Balthis to bring the three sentencing memoranda to the deposition. Presently before the Court are the motions of the government and Globe Ticket Co. to quash this subpoena.[1]

The government's primary contention is that since the memoranda contain excerpts and summaries of grand jury testimony, disclosure is precluded by Fed. R.Crim.P. 6(e).

> "(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding * * *."

However, it is clear that Rule 6(e) on its face does not operate as a complete bar to disclosure. Rather, disclosure is authorized upon court order.

In United States v. Proctor & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the Supreme Court articulated the controlling principle:

> "[The] 'indispensable secrecy of grand jury proceedings,' * * * must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." Id. at 682, 78 S.Ct. at 986.

The Court reversed a lower court's order directing disclosure of the entire grand jury testimony, holding that good cause was not shown by the defendants since the only purpose served by production of the documents would be to assist the defendants in preparing for trial.

Plaintiff's contention that Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966) undercut the *Proctor & Gamble* doctrine is unsound. There the trial court denied defense motions for *in camera* inspection by the court of the grand jury testimony of four of the government's trial witnesses to ascertain whether any inconsistencies were present. The Supreme Court reversed, holding that the defendant had shown a "particularized need" for disclosure in that a long period of time had elapsed between the date of the alleged occurrences and the trial; the witnesses were essential to the government's case; the exact content of conversations was critical; the witnesses were adverse to the defendant; and one witness had admitted that his earlier testimony might have been mistaken. Even reading *Dennis* in a light favor-

---

1. All of the other named defendants have also joined in Globe's motion. I express no view on the defendants' standing to prosecute a motion to quash under these circumstances.

able to the plaintiff, the most that can be said is that in the context of the administration of criminal justice, what constitutes "particularized need" for disclosure at trial is less than in other situations.

■ The only showing of need in the present case is that disclosure will expedite discovery. This has been held to be insufficient to constitute a compelling and particularized need. United States v. Proctor & Gamble, *supra*; City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 486 (E.D.Pa.1962).

The case of United States Industries v. United States District Court, 345 F.2d 18 (9th Cir. 1965), relied upon by plaintiff, is not apposite here, since the key factor of disclosure to the opposing side is not present in our case. The minimal disclosures which have occurred all related to the separate, West-of-the Rockies, conspiracy not involved in this litigation.

■ In sum, the plaintiff is seeking disclosure of the government's memoranda solely as an aid to civil discovery. Although I am sympathetic to the plaintiff's position, the law requires that before the veil of grand jury secrecy may be lifted, the party seeking disclosure must demonstrate a more compelling and particularized need than merely expediting civil discovery.[2]

Originally, the government contended that Fed.R.Civ.P. 32(c) constituted an independent ground for precluding the disclosure of the two sentencing memoranda sumitted to the Probation Department of this Court. In its reply brief, the government has apparently abandoned this argument by conceding that even in light of Rule 32(c), the Court is vested with discretion to order disclosure. Therefore, since I have already considered the Rule 6(e) argument applicable to these two documents, there is nothing before me requiring a ruling.

■ However, this does not end the matter. All that the above analysis indicates is that the three documents in question should not be disclosed in their entirety to the plaintiff in this civil case. However, my own review of the sentencing memoranda submitted to me in the criminal case reveals that it may very well be that some of the information contained therein was not elicited through the grand jury proceedings. I can perceive of no reason for immunizing such information from otherwise legitimate discovery processes merely because it fortuitously found its way into a sentencing memorandum which also includes direct quotes and abstracts of grand jury proceedings.

Therefore, it seems appropriate to require the government to submit to this Court copies of all three memoranda, marked in some appropriate way to indicate what portions of the memoranda are directly based on evidence elicited during the grand jury proceedings. Upon receipt of these marked copies, an *in camera* review will be made, and I will determine what portions of the memoranda, if any, will be the proper subject matter for disclosure.

The subpoena *duces tecum* will be held in abeyance pending the above submission and until further order of this Court.

## SUPPLEMENTAL MEMORANDUM AND ORDER

I have now reviewed *in camera* the sentencing memoranda submitted by the Antitrust Division in United States of America v. Globe Ticket Co., et al., Criminal No. 22924, Eastern District of Pennsylvania, and the representations of the Department of Justice as to the source of the information therein contained. It is now clear that virtually all of the facts contained in the sentencing memoranda were derived from testimony presented to the grand jury. The only exceptions are certain background facts relating to the industry, which are matters of common knowledge and readily

2. *See generally*, Symposium—Relationship Between Government Enforcement Ac- tions and Private Damage Actions, 37 Antitrust L.J. 823 (1968).

**184**

available elsewhere, and certain references to the earlier proceedings before the Federal Trade Commission, all of which are matters of public record. I am therefore satisfied that production of these memoranda should not be required at this time.

### ORDER

And now, this 20th day of February, 1970, it is hereby ordered that the subpoena *duces tecum* served on Donald G. Balthis, Esq., to the extent that it requires production of the sentencing memoranda submitted by the Department of Justice in connection with the criminal prosecution, United States of America v. Globe Ticket Co., et al., Eastern District of Pennsylvania, Criminal No. 22924, is hereby quashed. The memoranda shall be impounded, but shall remain on file for record purposes.