**ABC GREAT STATES, INC., et al.,
Plaintiffs,**

**v.**

**GLOBE TICKET COMPANY et al.,
Defendants,
Civil Action No. 68 C 1690
Northern District of Illinois
Eastern Division.**

**And all admission ticket anti-trust cases
consolidated in this Court pursuant
to 28 U.S.C. Section 1407.**

**Misc. No. 70-114.**

United States District Court,
E. D. Pennsylvania.

Aug. 19, 1970.

**450**

Daniel H. Margolis, Washington, D. C., for plaintiff.

Peter Hearn, Pepper, Hamilton & Scheetz, Warren Marcus, Antitrust Division, Department of Justice, Middle Atlantic Division, Philadelphia, Pa., for defendant.

OPINION AND ORDER

FULLAM, District Judge.

In 1967, indictments were returned in this district charging numerous manu-facturers of admission tickets of price fixing and other related anti-competitive practices. United States of America v. Globe Ticket Co., et al., Crim. No. 22924 (E.D.Pa.1967). The undersigned accepted pleas of *nolo contendere* and sentences were imposed. Following the termination of the criminal case, many civil treble damage actions were filed alleging essentially the same anti-competitive practices as charged by the government. On August 15, 1969, the Judicial Panel on Multidistrict Litigation transferred nine cases to the Northern District of Illinois pursuant to 28 U.S.C. § 1407. In Re Admission Tickets, 302 F.Supp. 1339 (J.P.M.L.1969). Thereafter Judge Edwin A. Robson of that district entered an order consolidating the nine transferred cases and two cases[1] then pending in the Northern District of Illinois for pre-trial purposes. The caption of the present case is the one selected by Judge Robson as the lead case for all pre-trial filings.

The present matter before this Court arises from the filing of a notice of deposition in this district by RKO Stanley-Warner Theatres and the issuance of a subpoena pursuant thereto directing Donald G. Balthis, Esq., Chief, Middle Atlantic Office of the Antitrust Division, to appear for oral deposition and to produce two sentencing memoranda prepared by the Antitrust Division for submission at the sentencing. The documents sought contain extracts and summaries of testimony taken by the grand jury which returned the criminal indictments. The government and the defendants[2] have moved to quash the

---

1. ABC Great States, Inc., et al. v. Globe Ticket Co., et al., 310 F.Supp. 739 (N.D. Ill.); RKO Stanley-Warner Theatres v. Globe Ticket Co., et al., C.A. No. 69 C 844 (N.D.Ill.).

2. I express no view as to the defendants' standing to prosecute a motion to quash under these circumstances.

subpoena. Briefs have been filed and the matter is ripe for disposition. See Local Rule 36.

When the government's motion was originally filed it was assigned to Judge John B. Hannum of this Court. However, the case has been reassigned[3] to the undersigned in view of the fact that in February of this year I ruled on a similar government motion filed in response to the issuance of a subpoena substantially the same as the one now before the Court. ABC Great Stores, Inc., et al. v. Globe Ticket Co., et al., 309 F.Supp. 181 (E.D.Pa.1970) [hereinafter cited as the February proceeding]. In accordance with Judge Robson's order of September 12, 1969, the deposition notice filed in the February proceeding indicated that moving counsel filed the notice of deposition on behalf of all plaintiffs. After thorough briefing and oral argument, the government's motion to quash was granted. No appeal was taken.

In essence, RKO now seeks to relitigate the matters already decided against the plaintiffs in the consolidated actions. This should not be permitted. Section 1407 was passed in the aftermath of the Electrical Cases to provide an efficient and simplified means of handling national litigation, and especially discovery proceedings therein. To that end, Judge Robson's first order after transfer was to consolidate all eleven cases for "pre-trial purposes." Notwithstanding the fact that RKO had an opportunity to be heard in the February proceeding, it now seeks to have a second bite at the apple; or, more realistically perhaps, a further opportunity to bring the questions raised in the first proceeding before an appellate court. RKO's attempt is obviously antithetical to the purposes of both section 1407 and Judge Robson's order.

While it would seem desirable in these circumstances to enter an order striking the deposition notice from the record, I have some doubt as to the validity of such an order. In any event, it is clear that, although the absence of a final judgment precludes application of *res judicata* and collateral estoppel principles, Commissioner v. Sunnen, 333 U.S. 591, 596-597, 68 S.Ct. 715, 92 L.Ed. 898 (1948), my prior ruling constitutes the law of the case. The government's motion will be granted for that reason. 1B J. Moore, Modern Federal Practice, ¶ 404 at 401.

Moreover, on the merits, I adhere to the views expressed in my original opinion. 309 F.Supp. 181. I have examined the sentencing memoranda sought and it is clear that they principally consist of specific extracts from and summaries of the grand jury testimony. Whether more flexibility should be developed relating to disclosure of this kind of material is fairly debatable. Counsel have pressed cogent arguments for liberalization of current doctrine. However, as I understand the law, the present case is not within any of the established exceptions to the non-disclosure principle.

### ORDER

And now, this 19th day of August, 1970, it is ordered that the subpoena served upon Donald B. Balthis, Esq., to the extent that it requires production of sentencing memoranda prepared by the Justice Department and submitted in connection with United States of America v. Globe Ticket Co., et al., Eastern District of Pennsylvania, Criminal No. 22924, is quashed.

3. See Local Rule 3(d) (2).