**UNITED STATES of America**

v.

**The AMERICAN OIL COMPANY et al.,**
**Appellants.**

**No. 71–1982.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 18, 1972.

Decided March 16, 1972.

**1044**

Jay Greenfield, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for appellant.

Dolores Korman, Harold E. Kohn, P. A., Philadelphia, Pa., for appellees, City of Philadelphia and State of New Jersey.

Seymour Kurland, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for appellee, McClosky & Co.

David Blasband, Linden & Deutsch, New York City, for appellee, Yellow Cab Co. and others.

Before SEITZ, Chief Judge, JAMES ROSEN, Circuit Judge, and STAPLETON, District Judge.

## OPINION OF THE COURT

**PER CURIAM:**

The government brought criminal antitrust charges against the defendants in the New Jersey district court. On defendants' motion the grand jury testimony of certain of defendants' employees was produced by the government. The government also brought in the same district court a civil antitrust action for an injunction against the defendants. Prior to the entry of the final consent decree in the government's civil action, plaintiffs in a private antitrust action against the defendants pending in the same district sought leave to intervene. Their purpose was to move for the production by the government of the grand jury materials produced for the defendants in the criminal case. The defendants opposed the application whereas the government did not oppose limited production.

After the entry of the consent decree in the government's civil action the district court denied intervention but, apparently on its own motion, permitted the petitioners to appear as amici and granted production to them in that capacity.

The defendants in the government's civil action appeal. Their right to do so is challenged by the amici, the "appellees," on the ground that (1) the order for production is not an appealable order and (2) the defendants lacked standing in the district court to oppose the application.

We think the appealability issue is not free from substantial doubt. However, we entertain no such doubt as to the standing issue. When the order was entered in this action the grand jury proceedings involved had terminated. Also final judgment had been granted in the criminal proceedings and a consent final decree entered in the government's civil action. Furthermore, the order to produce was not directed to the defendants. In these circumstances at least, we fail to see how the defendants had standing to oppose the application. The government's right in such a situation is not before us.

We therefore conclude that defendants' appeal should be dismissed for lack of standing to oppose the application in the district court. Consequently, it is not necessary for us to determine the propriety of the district court's action in granting discovery to an amicus.

The appeal will be dismissed.