PETROL STOPS NORTHWEST,
Gas-A-Tron of Arizona, and
Coinoco, Appellees,

v.

UNITED STATES of America,
Respondent,

Douglas Oil Company of California, Phillips Petroleum Company, Appellants.

No. 77–2305.

United States Court of Appeals,
Ninth Circuit.

March 20, 1978.

Max L. Gillam and Morris A. Thurston, of Latham & Watkins, Los Angeles, Cal.; Roderick G. Dorman, Houston, Tex. and Harold J. Bliss, Phoenix, Ariz., for appellants.

Daniel L. Berman and Douglas J. Parry, of Berman & Giauque, Salt Lake City, Utah, for appellees.

Before CARTER and GOODWIN, Circuit Judges, and SOLOMON *, District Judge.

GOODWIN, Circuit Judge:

Two oil companies that had entered *nolo contendere* pleas in criminal-antitrust cases appeal an order in related civil litigation which permits the civil plaintiffs substantial discovery of evidence collected by the government in the criminal case.

Petrol Stops and associated plaintiff companies are suing Douglas Oil, Phillips Petroleum, and other defendant oil companies in the District of Arizona for damages for alleged antitrust violations. After the damage action was filed, the United States brought the criminal antitrust charges against the same defendants in the Central District of California. The indictment charged antitrust conduct similar to that alleged in the damage action. After the court in the criminal case accepted the *nolo contendere* pleas from all the defendants, the criminal cases were concluded. Thereupon Petrol Stops filed a petition in the district court in Los Angeles, seeking disclosure of testimony and materials which Douglas, Phillips, and their employees had provided the grand jury during its investigations in that district.

The United States, the only respondent to Petrol Stops' petition, stated that it had no objection to the disclosure. Douglas and Phillips, styling themselves real parties in interest, appeared and opposed the petition. The district court granted Petrol Stops' request, subject to a protective order which limited disclosure to Petrol Stops' attorneys, prohibited further copying, limited the use of the evidence to impeachment, refreshing recollection, and testing credibility, and required return of the materials when they were no longer needed. Douglas and Phillips raise a number of issues in challenging the order.

I

The first issue is standing to appeal. Douglas and Phillips were not named as parties below, and the United States, the only named party respondent, declines to participate in this appeal. The district court's order does not require Douglas or Phillips to do anything, and they did not seek to intervene in that court.

The Third Circuit has held on such facts that parties situated somewhat similarly have no standing to oppose production of grand jury documents. *United States v. American Oil Company,* 456 F.2d 1043 (3d Cir. 1972).

We hold, however, that Douglas and Phillips have standing. The proceeding directly affects their interests. After the United States declined to oppose the petition, Douglas and Phillips were the only parties who could provide the adversity necessary for the full presentation of all issues.

While grand jury secrecy primarily protects the public interest in assuring full disclosure to the grand jury, it also protects some important private interests. One is the avoidance of public disclosure of normally confidential information. Another is the protection of those who provide information.

Douglas and Phillips might be injured in fact by disclosure. They are arguably within the zone of interests which grand jury secrecy protects. *Association of Data Processing Service Organizations, Inc. v. Camp,*

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

397 U.S. 150, 152–53, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).[1] While the United States is the primary proponent of the public interests involved, Petrol Stops suggests no reason for denying to Douglas and Phillips the right to assert a public-interest point in a matter in which the public interest may also protect them.

Petrol Stops candidly seeks discovery of evidence to use against Douglas and Phillips in a civil case. If Petrol Stops sought the identical evidence by a civil discovery motion, Douglas and Phillips, without question, would have standing to resist the motion.

The district court in Arizona might hesitate to grant discovery in the civil case, either because it has no direct connection with the grand jury, or because of deference to the district court which convened the grand jury. By petitioning the court in the district in which the grand jury sat, Petrol Stops avoided any jurisdictional dispute. It does not follow, however, that Douglas and Phillips should have no opportunity to participate. It may have been better for Douglas and Phillips to intervene as respondents in the district court, but the question is before us and we are satisfied that standing exists.[2]

## II

Because grand jury secrecy serves a number of public purposes, a civil litigant may not violate it at his pleasure. It is not sufficient that the litigant might find it useful to do so. The Supreme Court requires a showing of particularized need before allowing disclosure. In *United States v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the court refused to allow wholesale production of a grand jury transcript to a civil antitrust defendant able to show only that the transcript would be useful in preparing the defense. In *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), the court rejected a claim that civil defendants had a right to the transcript because it dealt with subjects which the same witness later covered at the trial. Nothing had appeared in the case at the time to indicate possible inconsistencies in the testimony.

The cases teach that disclosure would be proper when the ends of justice required. Defendants in such cases undoubtedly keep copies of all documents they furnish the grand jury, and they have frequent and informal contact with their employees who testify. The court reasonably could conclude that a plaintiff's need for grand jury records to ferret out the facts in a private antitrust action might be far more compelling than a defendant's curiosity about what its employees may have disclosed.

We previously applied the Supreme Court's standards in *U.S. Industries, Inc., v. United States District Court,* 345 F.2d 18 (9th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965). The trial court had ordered that the plaintiffs in a private antitrust suit be given access to a government presentencing memorandum, based in part on grand jury material, in a prior antitrust prosecution. U.S. Industries, the defendant in both actions, had examined the memorandum. We affirmed the trial court's action after deleting some statements from the disclosure. In doing so we held that, because the criminal case was over, only one of the five classic reasons for grand jury secrecy,[3] that of insuring un-

---

1. There are obvious differences between *Data Processing* and this case; among them are that Douglas and Phillips are seeking standing as respondents, not as petitioners, and that this proceeding is not an administrative review. However, *Data Processing* is, at least in part, constitutionally based, and we find its analysis helpful here.

2. Our conclusion and some of our reasoning follows that of the Seventh Circuit in the very similar case of *Illinois v. Sarbaugh,* 552 F.2d 768 (7th Cir.), *cert. denied sub nom. J. L. Simmons Co. v. Illinois,* —— U.S. ——, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977).

3. The reasons were first stated in *United States v. Amazon Ind. Chem. Corp.,* 55 F.2d 254 (D.Md.1931); the Supreme Court adopted them in *United States v. Procter & Gamble,* 356 U.S. 677, at 681–82, n.6, 78 S.Ct. at 986, n.6. They are: "(1) To prevent the escape of those whose

trammeled disclosure by future witnesses, applied. This reason, which was not strong, had to be balanced against the plaintiff's need for the information, which need not be great. "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply only to an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need." 345 F.2d at 21.

District courts generally adopt a similar analysis in this situation. The consideration they find to be relevant is that of protecting witnesses from retaliation. Corporate witnesses are vulnerable to their corporate employers, but the need for protection is limited after the corporation already has its employees' testimony. Limiting the use of the materials can give adequate assurances of safety to future witnesses. Thus, most courts grant access with only a minimal showing of particularized need; they commonly see use of the material for impeachment as sufficient. *S.E.C. v. National Student Marketing,* 430 F.Supp. 639 (D.D.C.1977); *In Re Cement-Concrete Block, Chicago Area, Grand Jury Proceedings,* 381 F.Supp. 1108 (N.D.Ill.1974); *Illinois v. Harper & Row Publishers, Inc.,* 50 F.R.D. 37 (N.D.Ill.E.D.1969). Courts do not, however, generally see a request for general discovery, or a mere showing that the other party already has access, as sufficient. *Texas v. United States Steel Corp.,* 546 F.2d 626 (5th Cir.), *cert. denied,* —— U.S. ——, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *A.B.C. Great Stores, Inc. v. Globe Ticket Co.,* 309 F.Supp. 181 (E.D.Pa.1970); *Minnesota v. United States Steel Corp.,* 44 F.R.D. 559 (D.Minn.1968).

While the Fifth Circuit, in *Texas v. United States Steel Corp., supra,* recently held that a grant of access with little if any showing of particularized need was an abuse of discretion, it recognizes that disclosure is proper if the material is needed for purposes such as impeaching a witness or refreshing recollection. *Allis-Chalmers Manufacturing Company v. City of Fort Pierce,* 323 F.2d 233, 238 (5th Cir. 1963). The Seventh Circuit, in a well-reasoned opinion with facts almost identical to those involved here, recently held a denial of access to be an abuse of discretion. *Illinois v. Sarbaugh,* 552 F.2d 786 (7th Cir.), *cert. denied sub nom. J. L. Simmons Co. v. Illinois,* —— U.S. ——, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977).

*U.S. Industries, Inc. v. United States District Court, supra,* thus continues to provide the guidelines that courts generally follow. The question now is whether the district court exercised its discretion within those guidelines.

■■ The criminal case has been concluded, and, in contrast to the cases which the Supreme Court decided, the United States has no objection to disclosure. Douglas and Phillips already have all the materials requested by their adversary, and there is no indication that granting Petrol Stops' petition would expose witnesses to new sources of retaliation. The public-interest side of the balance therefore is lightly weighted.[4]

Petrol Stops showed a particularized need beyond the mere relevance of the materials.

indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at a trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

4. We think that the Central District of California court was the proper district court to consider the issue. It was best situated to evaluate the need for continuing secrecy and may have been the only court with jurisdiction under Fed.R.Crim.P. 6(e). *See Illinois v. Sarbaugh,* 552 F.2d at 772–73. The district court for the District of Arizona apparently hesitated to grant discovery of these materials because of its inability to evaluate the need for continued secrecy.

It showed that some of the answers Douglas and Phillips made to its interrogatories might contradict the charges in the indictment. Since Douglas and Phillips entered *nolo contendere* pleas, there is a strong inference that the grand jury materials support the government's charges.[5] The materials might thus be relevant for impeachment, one of the classic reasons for making them available.

On appeal Petrol Stops makes a stronger showing, pointing out inconsistencies between the government's bill of particulars and statements made in recent depositions. However, even at the district court, Petrol Stops did not seek the materials merely for a general fishing expedition. It made a sufficient showing of particularized need, in light of the weakness of the reasons offered for opposing disclosure.

 The district court recognized that some particularized need was necessary but that it did not have to be great. While it authorized disclosure, it imposed a stringent protective order limiting the persons to whom the materials could be disclosed and the uses Petrol Stops could make of them. This carefully limited disclosure was not an abuse of discretion. Denial of disclosure might well have been an abuse.

Affirmed.

---

**5.** In its petition Petrol Stops inaccurately stated that they pleaded guilty; we do not think that the different inferences to be drawn from the two pleas are great enough to matter here.