**UNITED STATES of America, Plaintiff,**

v.

**ARMCO STEEL CORPORATION et al., Defendants.**

**No. 77–00094–CR–W–2.**

United States District Court,
W. D. Missouri, W. D.

Oct. 18, 1978.

Robert H. Bingham, Weeks, Thomas, Ly-saught, Bingham & Mustain, Kansas City, Kan., for plaintiff.

Charles Kadish, Breed, Abbott & Morgan, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER CONVERTING CIVIL PLAINTIFFS' PENDING MOTION INTO INDE-PENDENT PROCEEDING AND TRANSFERRING CASE TO THE DISTRICT OF KANSAS FOR ALL FURTHER PROCEEDINGS

COLLINSON, District Judge.

Three corporations and three individuals were charged in a one-count indictment re-turned in this district with having engaged in a conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the sale of reinforcing bar for use in building con-struction in western Missouri and Kansas. All six defendants entered pleas of *nolo contendere.* The Court imposed sentences on January 20, 1978, and the criminal pro-ceedings have been concluded.

A civil antitrust action against the same six defendants is currently pending in the District of Kansas. The civil plaintiffs have filed a motion in the criminal case in this district seeking to unseal and inspect four witness interview memoranda prepar-ed by Justice Department attorneys in con-

nection with the criminal investigation conducted by the government. These memoranda were ordered sealed after *in camera* inspection by the United States Magistrate. The memoranda were reviewed by the Court in October, 1977, and again ordered sealed. All defendants were given the opportunity to inspect the memoranda. However, only defendants Anderson and Stockton actually inspected the memoranda.[1]

The Justice Department generally opposes disclosure of interview memoranda like the ones in question.[2] The government's position in most cases is that such memoranda reflect confidential, "off-the-record" interviews and are within the work product exception to civil discovery. Rule 26(b)(3), Fed.R.Civ.P. In this case, however, in view of what the government terms the "unique nature of the Omnibus Proceedings" in this district, the Justice Department has not opposed disclosure. This position, however, is subject to six conditions designed to protect the government's enforcement policy and the rights of the interviewees whose statements are summarized in the interview memoranda.[3] Plaintiff's state that they will fully cooperate with the Court in facilitating implementation of these conditions on disclosure.[4]

Several aspects of the memoranda in question are matters of public record. The identity of the interviewees and the dates of the interviews were disclosed by the government in the criminal proceedings.[5] The nature of the memoranda were summarized by the government as follows: [6]

> These memoranda constitute 43 pages of single spaced material which recites in graphic, minute detail: (a) the government's theory of the case; (b) when and how the conspiracy was formed; (c) who was involved in the conspiracy from beginning to end; (d) the means and methods of how the conspiracy operated and how it was policed; (e) many dates and places of when and where defendants conspired; (f) how the defendants and others communicated with each other and why; (g) how and what prices were fixed; (h) which geographic markets were divided and why; and (i) how and when the conspiracy terminated.

All defendants have opposed disclosure of these witness interview memoranda. Their

---

1. All defendants joined defendant Anderson's motion to produce these memoranda at the omnibus hearing on June 17, 1977. The government agreed to produce the documents. However, when copies were provided on July 12, 1977, only defendant Anderson accepted. The other defendants refused to accept the tendered copies. Defendant Stockton inspected the memoranda in December, 1977. Copies of the memoranda were returned to the government after conclusion of the criminal proceedings.

2. The position of the government regarding this motion is set forth in a letter to counsel for the civil plaintiffs. The letter is attached to the instant motion as Exhibit 1.

3. The six conditions are set out in Exhibit 1 to the instant motion as follows:

   (1) a motion should be filed with the Court in Western Missouri requesting that the documents in question be unsealed;

   (2) a request should be made by you [the civil plaintiffs] that the Court establish a custodian for the memoranda with adequate precautions so that only counsel and named parties to the litigation can inspect the memoranda, preferably in the Clerk's office or other secure location;

   (3) no copies of the memoranda should be made or circulated aside from those in the possession of the Court's custodian;

   (4) All parties and counsel should be prohibited from disclosing the identity of the individuals interviewed to any person who is not a party to the litigation or in circumstances not directly related to proceedings ancillary to the litigation;

   (5) each person interviewed must be advised in writing of the fact that you intend to seek these memoranda concerning their interviews and they must be provided a reasonable opportunity to interpose any objections they may have to their disclosure; and

   (6) the Court be provided with a copy of this letter stating the Department's views.

4. Memorandum In Support Of Plaintiff's Motion to Unseal Certain Government Memoranda, p. 4, filed July 7, 1978.

5. Pre-Hearing Statement By The United States Concerning Pre-Indictment Delay, p. 4, ¶ 14, filed November 28, 1977.

6. Suggestions By The United States In Opposition To Defendants' Motions For A Bill of Particulars, p. 4, filed September 13, 1977.

position is that the documents constitute grand jury materials subject to the secrecy provisions of Rule 6(e), Fed.R.Crim.P., and that the civil plaintiffs have not demonstrated a particularized and compelling need for the requested disclosure. The civil plaintiffs have filed a reply brief in response to defendant's brief opposing the motion.

In addition to opposing disclosure of the memoranda on the merits, defendants have questioned the Court's jurisdiction to consider the civil plaintiff's request. The request for disclosure is filed as a motion in the criminal case. The criminal proceedings in this district have been concluded for some time.[7] Therefore, the Court has no jurisdiction to enter orders in the criminal proceedings.[8]

The proper method of bringing the instant controversy before the Court would have been the commencement of an independent proceeding in this district.[9] In *Illinois v. Sarbaugh*, 552 F.2d 768 (7th Cir. 1977), *cert. den. sub nom. J. L. Simmons Co. v. Illinois*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977), nine corporations which had been indicted by a grand jury empaneled in the Eastern District of Illinois were defendants in a civil action filed by the State of Illinois in the Southern District of Illinois. The corporations had obtained certain grand jury transcripts during the criminal proceedings. The criminal cases ended with pleas of *nolo contendere*. The State of Illinois filed a motion in the Eastern District of Illinois under the provisions of Rule 6(e), Fed.R.Crim.P., seeking disclosure of the grand jury transcripts which the defendants had obtained in connection with the criminal proceedings.[10] Sarbaugh, the Chief of the Justice Department Antitrust Division's Midwest Office, was named respondent in the State's petition. This motion was filed as an independent proceeding. *Id.* at 773.

Notice of the motion was served on the corporate defendants who appeared in the action and opposed the motion. The State did not object to this appearance. The district court denied disclosure of the transcripts on the grounds that the State had not made a strong enough showing of the necessity for disclosure. However, the district court also ordered the transcripts transferred to the Southern District, where

---

7. Sentences were imposed on January 20, 1978. One defendant filed a motion for reduction of sentence under Rule 35, Fed.R.Crim.P., which was denied. The Court later established a document depository under the supervision of the Clerk of Court. This depository contains a large number of documents which the defendants produced pursuant to grand jury subpoenas. The civil plaintiffs have been granted access to these documents for purposes of numbering and indexing them prior to their return to defendants. The existence of the depository notwithstanding, the criminal cases are closed and the judgments entered in those proceedings are final.

8. Although the case is not on point factually, the court in *United States v. Gernie*, 228 F.Supp. 329, 332 (S.D.N.Y.1964), made the following statement regarding the termination of jurisdiction in a criminal proceeding:

    Once a judgment of conviction has been entered, a prison sentence has been imposed and the defendant has begun the service of his term, jurisdiction of the court over the defendant and the criminal proceedings against him comes to an end except for such remedies as may be provided by the Federal Rules of Criminal Procedure, 28 U.S.C.

§ 2255, or the all-writs section, 28 U.S.C. § 1651(a).

9. Defendants suggest that the proper procedure is to cause the ". . . issuance of a subpoena by the Clerk of the Western District of Missouri, pursuant to Rule 45, at which time a civil docket number will be assigned to the matter. Thereafter, a Rule 37(a)(1) motion to enforce the subpoena may be made by the civil plaintiffs . . ." and the matter would be before the Court. Defendants do not suggest the party to whom such a subpoena would be directed. The Court expresses no opinion on the propriety of such a procedure.

10. Initially, the State filed a motion in the Southern District of Illinois seeking an order directing the Justice Department to produce any transcripts which had been disclosed in the criminal case. The State also served a request for production on the defendants and later filed a motion to compel discovery of similar documents. The Court in the Southern District denied the motion on the grounds that it had no jurisdiction since the grand jury proceedings were in the Eastern District. *Illinois v. Sarbaugh, supra* at 771.

the civil action was pending, for later disclosure by that court if the State could make the requisite showing. *Id.* at 771.

On appeal, the State challenged the appearance of the corporations. The corporations styled themselves intervenors and moved to dismiss the appeal. The court held that the corporations would have been entitled to intervene in the district court proceedings and in view of the State's failure to object to their appearance, they were properly before the court. *Id.* at 772–773.[11] This decision was based on an analysis of the competing interests at stake in the proceeding. The court concluded that since disclosure should be decided in an adversary context, and since the corporations affected were best situated to oppose the disclosure, they were proper parties to a proceeding for disclosure of grand jury materials. *Id.* at 773.

Essentially the same procedure was followed in *Petrol Stops Northwest v. United States*, 571 F.2d 1127 (9th Cir. 1978), *cert. granted sub nom. Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, —— U.S. ——, 98 S.Ct. 3087, 57 L.Ed.2d 1132 (1978).[12] A private civil antitrust action was pending in the District of Arizona. The civil defendants entered *nolo contendere* pleas to related criminal charges in the Central District of California. The civil plaintiffs filed an independent proceeding in California seeking disclosure of grand jury materials and naming the United States as respondent. The government did not oppose the petition but the corporations appeared and opposed disclosure styling themselves as the real parties in interest. *Id.* at 1128. The district court ordered disclosure subject to certain conditions. One issue on appeal was whether the criminal defendants had standing to appeal since they were not named parties in the proceedings below. Adopting basically the same reasoning of the Seventh Circuit in *Sarbaugh*, the court held that the corporations were the proper parties to oppose the request for disclosure.[13] *Id.* at 1129.

■ Accordingly, the proper procedure in this situation is to commence an independent civil action for disclosure of grand jury materials pursuant to Rule 6(e), Fed.R. Crim.P. The government should be made a party so that it may express its views and the criminal defendants should be served and permitted to intervene. In this case, of course, all parties have appeared and expressed their views since the motion was filed in the closed criminal cases. In substance then, the merits of the request have been fully discussed in an adversarial context. However, the Court will order the

**11.** The Sarbaugh court cited two of its earlier decisions which established the right of witnesses before a grand jury to challenge disclosure of their testimony. *In re Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894 (7th Cir. 1973); *In re Holovachka*, 317 F.2d 834 (7th Cir. 1963). The court then applied the rationale of those cases to the case before it by noting that the corporations had obtained the grand jury testimony of its employees in the criminal cases and that under Rule 16(a)(1)(A), Fed.R.Crim.P., the testimony of certain employees is treated as testimony of the corporation. *State of Illinois v. Sarbaugh, supra* at 772 note 4. The court's decision, however, was based more on the competing interests at stake than on the right of a witness to challenge disclosure of his grand jury testimony. The two earlier decisions were discussed in order to state the court's reasons for not following the Third Circuit. See note 13, *infra*.

**12.** One of the questions upon which certiorari was granted is which district court should determine the question of disclosure of the grand jury materials. The lower courts held that the proper court is in the district where the grand jury was empaneled since that court can better evaluate the need for continuing secrecy. See *Petrol Stops Northwest v. United States, supra* at 1130 note 4. In its footnote, the court refers to *Illinois v. Sarbaugh, supra* at 772–773.

**13.** The court noted that it might have been better procedure for the corporations to intervene in the proceeding. *Petrol Stops Northwest v. United States, supra* at 1129 note 2. The courts in both *Sarbaugh* and *Petrol Stops* declined to follow the holding of the Third Circuit in *United States v. American Oil Co.*, 456 F.2d 1043 (3d Cir. 1972). It was held in that case that the corporations lacked standing to oppose disclosure. *American Oil* is a one-page per curiam opinion and this Court declines to follow it for the reasons stated in *Sarbaugh* and *Petrol Stops*. The issue is not really before the Court in view of the procedure plaintiffs elected to follow.

Clerk of Court to convert the pleadings filed in connection with the motion into an independent proceeding, give the case a civil number, and assign the case to Division II of this Court for purposes of the Clerk's records.[14]

Apparently, the reason that the civil plaintiffs did not follow this procedure is that they have maintained that the memoranda in question are not grand jury materials within the meaning of Rule 6(e), Fed.R.Crim.P.[15] Their position is that the memoranda simply reflect information compiled by a government agency that is subject to disclosure to civil litigants.

The civil plaintiffs' contention in this regard is undercut by their own response to defendants' jurisdictional criticisms of the procedure elected by them to seek disclosure. The civil plaintiffs' contend that the Court has jurisdiction to enter an order allowing them to inspect the memoranda under the holdings of *State of Illinois v. Sarbaugh, supra* and *Petrol Stops Northwest v. United States, supra.* As discussed above, these cases involved proceedings for disclosure of grand jury materials. By relying on those cases to argue the jurisdiction issue, the civil plaintiffs have tacitly admitted that the memoranda are in fact grand jury materials within the meaning of the secrecy provisions of Rule 6(e), Fed.R.Crim.P. If this is not admitted, the civil plaintiffs have not articulated a jurisdictional basis for the order which they are seeking.

In addition to this admission, the Court has concluded on the merits that the memoranda in question constitute grand jury materials. Rule 6(e), Fed.R.Crim.P., is phrased in terms of ". . . matters occurring before the grand jury . . . ."[16] Thus, by the terms of the rule, the secrecy is not limited to transcripts but encompasses anything that might tend to reveal what transpired in the grand jury room.

In *U.S. Industries, Inc. v. United States District Court,* 345 F.2d 18 (9th Cir. 1965), *cert. den.* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965), an extraordinary writ was sought under 28 U.S.C. § 1651 to compel the district court to reseal government memoranda which it had ordered produced in connection with discovery in a civil antitrust case. The defendants in the civil case had previously entered *nolo contendere* pleas to criminal charges brought in the same district. In that proceeding, the district court had directed all counsel to prepare reports for the probation officer for use in connection with sentencing recommendations to the Court. The reports were ordered sealed at the conclusion of the criminal proceedings because of references to the earlier grand jury proceedings contained in the memorandum prepared by the government.

In the civil case, plaintiffs served a deposition subpoena duces tecum on one of the government attorneys who then moved the district court to modify its sealing order to allow access to the government memoran-

---

14. It is important that these proceedings be filed as a new case because any order entered by this Court in the criminal case would lack a jurisdictional basis. See note 8, *supra.* Additionally, the order finally entered on the merits of the disclosure request may be subject to appellate review. See, *State of Illinois v. Sarbaugh, supra* at 773–774. Therefore, the order should not be made in the criminal cases because those cases are closed and the time for appeal from the judgments in those cases has long expired.

15. It may be that the civil plaintiffs were simply following what they perceived to be the recommendation from the Justice Department. See note 3, *supra,* ¶ 1.

16. The relevant portions of the rule are as follows:

(e) Secrecy of Proceedings and Disclosure—

(1) General Rule—A grand [J]uror, an interpreter, a stenographer, [etc.],' . . . shall not disclose *matters occurring before the grand jury,* except as otherwise provided for in these rules. * * *

(2) Exceptions.—

\* \* \* \* \* \*

(C) Disclosure otherwise prohibited by this rule of *matters occurring before the grand jury* may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

\* \* \* \* \* \*

(Emphasis added.)

dum. The district court vacated the sealing order and quashed the subpoena. The appellate court stated the issue as follows:

> The question presented for our consideration is whether the district court in so ordering disclosure, committed an abuse of discretion in permitting civil plaintiffs access to a government memorandum which had been sealed because of its references to grand jury proceedings.

*U.S. Industries, Inc. v. United States District Court, supra* at 20. The court rejected the contention that Rule 6(e), Fed.R. Crim.P., applied only to grand jury transcripts.[17]

> We do not read Rule 6(e) in so limited a manner. Under respondent's [the civil plaintiffs] construction of the Rule, any document prepared *after* the grand jury proceedings—even a detailed summary or other exact reiteration of what transpired before the grand jury—would be outside the protection of Rule 6(e). Such a construction would peel back in its entirety the cloak of secrecy that presently surrounds the proceedings. (Emphasis in original.)

*Id.* at 20–21. Having concluded that the memorandum constituted grand jury materials, the court analyzed the disclosure order in terms of whether the civil plaintiffs had shown a particularized and compelling need for the document. *Id.* at 21.

■ The test, then, is whether the documents in question may tend to reveal what

transpired before the grand jury.[18] The memoranda in question are summaries of interviews with witnesses who later testified before the grand jury under immunity. It cannot seriously be contended that the statements summarized in the memoranda are not reflective of the statements made before the grand jury.[19] If the civil plaintiffs sought disclosure of the witness' actual testimony, they would have to show a particularized and compelling need. *United States v. Procter and Gamble Co.*, 356 U.S. 677, 682–683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *Appeal of Anthony S. Troia*, 580 F.2d 281, 286 (8th Cir. 1978). Disclosure of the memoranda would tend to reveal the substance of the grand jury testimony without this showing of special need. It is true that the memoranda are comprised of hearsay statements by government attorneys and that they differ in that respect from the actual transcripts of the grand jury testimony. It is also true, though, that the substance of the memoranda undoubtedly reflect the substance of the grand jury testimony. Accordingly, it is not significant that the government memoranda were prepared prior to the grand jury proceedings, rather than after as in *U.S. Industries, supra.* In both instances, Rule 6(e), Fed.R. Crim.P., must be applied because disclosure of the document would tend to disclose what transpired before the grand jury.[20] Having concluded that the interview memoranda being sought constitute grand jury materials subject to Rule 6(e), Fed.R.

---

**17.** The government had admitted in that case that the memorandum in question contained information within the purview of the secrecy provisions of Rule 6(e), Fed.R.Crim.P. *U.S. Industries, Inc. v. United States District Court, supra* at 20. The court relied on this admission in holding that the document was subject to the rule. *Id.* at 21. Although there is no such admission in this case, the government has conditioned non-assertion of its work product privilege on six items. See note 3, *supra*. These conditions seek to make any disclosure discreet and limited. The same considerations apply to grand jury transcripts. *United States v. Procter and Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

**18.** Compare the language in *United States v. Hughes*, 429 F.2d 1293, 1294 (10th Cir. 1970). See also, *In the Matter of the Grand Jury Inves-*

*tigation (General Motors)*, 32 F.R.D. 175, 180 (S.D.N.Y.1963), appeal dismissed 318 F.2d 533 (2d Cir. 1963), and 375 U.S. 802, 84 S.Ct. 25, 11 L.Ed.2d 37 (1963).

**19.** See text at note 6, *supra*.

**20.** One reason for the policy of secrecy surrounding grand jury materials is to ". . . encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes . . . ." *United States v. Procter and Gamble Co., supra* 356 U.S. at 681–682 note 6, 78 S.Ct. at 986 n. 6. Applying the policy of secrecy to the interview memoranda in question is consistent with this consideration of encouraging witnesses to come forward and to speak freely and candidly.

Crim.P., the remaining issue is whether the civil plaintiffs have demonstrated a "particularized and compelling necessity" for disclosure of the documents. *Appeal of Anthony S. Troia, supra* at 286–287.

In the original motion, the civil plaintiffs did not even consider the showing necessary for the disclosure of grand jury testimony. Their position was simply that the memoranda ". . . would be of considerable assistance to plaintiffs in the preparation of their case . . ." and that the documents should be disclosed in accordance with a ". . . policy of open and equitable discovery. . . ."[21]

In response to defendants' contentions regarding the applicability of Rule 6(e), Fed. R.Crim.P., plaintiffs argue that in view of the amount of information already known about the memoranda,[22] their burden on the "particularized need" issue is minimal.[23] The Court is of the opinion that the amount of information already known about the memoranda cuts both ways. On the one hand, the amount of disclosure weighs against retaining absolute secrecy. On the other hand, since the civil plaintiffs know the identity of the interviewees and the nature of what they have said in the past, they are able to pursue alternative discovery procedures to obtain the same information. In this connection, the civil plaintiffs have suggested that the memoranda are needed in connection with depositions to be taken in the civil case.[24]

Since discovery in the civil case is proceeding in the District of Kansas, it would seem appropriate for that court to determine the existence of a particularized and compelling need for the memoranda. The court where the civil action is pending is familiar with the discovery issues and the proceedings which would give rise to the necessity for disclosure for the grand jury materials. Although it is true that the court in the district where the grand jury was empaneled is better situated to evaluate the need for continuing secrecy,[25] this consideration is lessened considerably when the grand jury has been discharged. The Supreme Court has stated that ". . . after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940), quoted in *Appeal of Anthony S. Troia, supra* at 287. The question of whether the "ends of justice" require disclosure will necessitate a determination of whether the civil plaintiffs have demonstrated a substantial need for the memoranda. This can best be determined by the court where the civil case is pending.[26]

As previously indicated, the Court will direct the Clerk of Court to convert the proceedings on the instant motion into an independent proceeding assigned to this Division.[27] The Court will also direct that this new case be transferred to the District of Kansas for all further proceedings. Nothing set forth in this order should be construed as holding that the interview memoranda are or are not discoverable. This Court's holding is simply that the memoranda constitute grand jury materials subject to the secrecy provisions of Rule 6(e), Fed. R.Crim.P., and that the proper procedure for obtaining a disclosure order is the commencement of an independent proceeding in the district where the grand jury was empaneled. The Court intends that the ultimate resolution of the disclosure issue rest with the transferee court after an *in cam-*

---

21. Memorandum In Support of Plaintiffs' Motion To Unseal Certain Government Memoranda, pp. 2, 5, filed July 7, 1978.

22. See text at notes 5–6, *supra*.

23. Plaintiffs' Response To Defendants' Suggestions In Opposition To Civil Plaintiffs' Motion To Unseal Certain Government Memoranda, p. 8, filed September 5, 1978.

24. *Ibid.* pp. 8–9.

25. See note 12, *supra*.

26. Compare the procedure that was followed in *Appeal of Associated Milk Producers, Inc.*, 566 F.2d 1293, 1296, 1300 (5th Cir. 1978), *rehearing den.* 569 F.2d 1155 (5th Cir. 1978).

27. See text at note 14, *supra*.

*era* inspection of the memoranda and consideration of the need for disclosure. Accordingly, it is

ORDERED that the Clerk of Court be, and hereby is, directed to (1) compile a case file containing all pleadings filed in connection with the instant motion and the memoranda in question; (2) style the case *T.M.T., Inc. and Casson Construction Co., Inc. v. United States of America, Armco Steel Corp., The Carter Waters Corp., The Ceco Corp., Edwin F. Anderson, Richard F. Newlin, and Herbert R. Stckton*; (3) give a civil case number to the new file; and (4) assign the case to Division II of this Court; and it is

ORDERED that this case be, and hereby is, transferred to the District of Kansas for all further proceedings.