647 F.2d 1005
 1981-1 Trade Cases 64,098
 PETROL STOPS NORTHWEST, Plaintiff-Appellee,
v.
CONTINENTAL OIL COMPANY and Douglas Oil Company of
California, Defendants- Appellants,
and
George Edward Clark and William L. Martin, II, Applicants
for Intervention.
PETROL STOPS NORTHWEST, Plaintiff-Appellee,
v.
CONTINENTAL OIL COMPANY and Douglas Oil Company of
California, et al., Defendants,
and
George Edward Clark and William L. Martin, II, Appellants
and Applicants for Intervention.
 Nos. 80-5321, 80-5320, and 80-5470.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 13, 1981.
Decided June 12, 1981.
Rehearing Denied Aug. 12, 1981.
 
 Stuart P. Jasper, Los Angeles, Cal., for defendants-appellants.
 Smaltz & Neelley, Los Angeles, Cal., for Clark.
 Thomas Burton, Houston, Tex., for Continental.
 Jay D. Gurmankin, Salt Lake City, Utah, for Petrol; Richard Casey, Salt Lake City, Utah, on brief.
 Appeal from the United States District Court for the District of Arizona.
 Before PREGERSON and ALARCON, Circuit Judges, and SMITH*, District Judge.
 PREGERSON, Circuit Judge:
 
 
 1
 These consolidated appeals stem from efforts by Petrol Stops Northwest (Petrol Stops), a private antitrust plaintiff, to gain access to testimony and documents given to a grand jury during an investigation that led to a criminal antitrust indictment against appellant Douglas Oil Company (Douglas), one of the defendants in Petrol Stops's civil suit. The matter is before us for the second time. In an earlier opinion we affirmed a district court's order granting Petrol Stops's request. Petrol Stops Northwest v. United States, 571 F.2d 1127 (9th Cir. 1978). The Supreme Court reversed, however, because the California district court having custody of the grand jury materials had acted without drawing on the superior knowledge of the Arizona district court where the civil suit was pending. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). On remand the procedure outlined by the Supreme Court has been followed by the two district courts and has resulted in a new order by the Arizona district court granting Petrol Stops the access it seeks. Appellants appeal from this order. The individual appellants appeal also from the denial of their motion to intervene. We affirm, but vacate the Arizona district court's attempted modification of the order from which two of these appeals are taken.
 
 I.
 
 2
 In December 1973, Petrol Stops filed a civil antitrust action in the District Court for the District of Arizona against twelve oil companies, including Douglas and its parent, appellant Continental Oil Company (now Conoco). While this proceeding was in a pre-trial stage, a lengthy federal investigation in the Central District of California culminated in March 1975 in a grand jury indictment of six companies, including Douglas and the Phillips Petroleum Company (Phillips), for conspiring to fix prices. All defendants in this criminal prosecution initially pleaded not guilty but changed their pleas to nolo contendere. Before changing their pleas, Douglas and Phillips asked the District Court for the Central District of California for transcripts of the testimony their employees had given before the grand jury; this request was granted.
 
 
 3
 In December 1976, Petrol Stops petitioned the District Court for the Central District of California, under Fed.R.Crim.P. 6(e), for disclosure of the transcripts furnished to Douglas and Phillips and the documents subpoenaed by the grand jury from those companies. The district court granted Petrol Stops's petition, subject to protective conditions, and we affirmed. Petrol Stops Northwest v. United States, 571 F.2d 1127 (9th Cir. 1978).
 
 
 4
 The Supreme Court reversed, holding that the California district court had abused its discretion by evaluating Petrol Stops's need for the transcripts and documents without sufficient knowledge of the details of the civil suit pending in Arizona. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 228-29, 99 S.Ct. 1667, 1677-1678, 60 L.Ed.2d 156 (1979). The Court directed that, upon remand, the California district court should make a written evaluation of the need for continued grand jury secrecy and a preliminary determination of the appropriateness of disclosure. The materials were then to be sent to the Arizona district court, which would make the final determination on whether to grant disclosure.
 
 
 5
 That procedure has now been followed. The California district court, after a hearing, filed on February 6, 1980 its preliminary determination that the need for continued grand jury secrecy should be "lightly weighted." The requested materials were then forwarded to Arizona where a hearing was held on March 31 on Petrol Stops's petition for disclosure. On April 3, 1980, the Arizona district court granted Petrol Stops access to the requested materials, finding that portions of the transcripts could be used "to impeach, refresh the recollection, or test the credibility of witnesses, who testified before the grand jury."
 
 
 6
 At the March 31 hearing, counsel for appellants Clark and Martin appeared and sought to be heard on the merits of Petrol Stops's petition. Clark and Martin were former Douglas executives whose testimony before the Central District of California grand jury was among that which Petrol Stops was seeking. The court refused to hear any arguments on their behalf until they properly sought to intervene, pursuant to Fed.R.Civ.P. 24. On April 10, 1980 (a week after Petrol Stops's disclosure petition had been granted) Clark and Martin formally moved to intervene in the action to oppose disclosure. After a hearing, on April 21, the court entered an order denying the application to intervene as untimely and because the would-be intervenors failed to show that their interests were not adequately protected by the existing parties. The court also found that intervention would "unduly prejudice" Petrol Stops. After rehearing, the court reaffirmed its denial of the intervention motion and noted its suspicion that Douglas was attempting to relitigate the issues by sponsoring closely allied interests.
 
 II.
 
 7
 Appellants Douglas and Conoco contend that the Arizona district court abused its discretion by ordering disclosure of the testimony of their employees. They argue that the grand jury testimony is not relevant to the civil action, that no particularized or compelling need for the disclosure has been shown, and that it was error to grant Petrol Stops full access to all the requested materials rather than limiting access to "discrete portions" for which a "particularized need" had been shown.
 
 
 8
 Grants of disclosure under Fed.R.Crim.P. 6(e) are reviewed for abuse of discretion. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 228, 99 S.Ct. 1667, 1677, 60 L.Ed.2d 156 (1979); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 79 S.Ct. 1237, 1240-1241, 3 L.Ed.2d 1323 (1959). To decide whether the Arizona district court abused its discretion, we must consider its decision in light of the California district court's prior determination, after remand from the Supreme Court, that the interest in continued grand jury secrecy was slight. "(A)s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." Douglas Oil Co. v. Petrol Stops Northwest, supra, 441 U.S. at 223, 99 S.Ct. at 1675. The California district court examined those considerations[1] and found them only minimally implicated here.[2] Given that determination, we cannot say that it was an abuse of discretion for the Arizona court to find that Petrol Stops's need for disclosure of the contested transcripts and documents outweighed the need for continued grand jury secrecy. Nor did the court abuse its discretion in determining that Petrol Stops had shown a compelling and particularized need to use the transcripts and documents to impeach, refresh recollections, and test credibility.
 
 III.
 
 9
 Appellants Clark and Martin contend that the Arizona district court erred in denying their request for intervention as of right. They also assert that grand jury witnesses are entitled to notice and an opportunity to be heard in response to a petition to disclose their testimony to civil plaintiffs.
 
 
 10
 The latter assertion, though novel, is not without merit. Under different circumstances we might find it compelling.[3] Here, however, Clark and Martin did have notice of Petrol Stops's petition and filed objections to it prior to the March 31 hearing before the Arizona district court. Hence the question of their right to notice is irrelevant to the issues on this appeal. As for appellants' claim of a right to be heard, we believe this is properly evaluated by applying the standards for intervention as of right under Fed.R.Civ.P. 24(a)(2).[4]
 
 
 11
 Denial of a motion to intervene as of right is an appealable final order. Blake v. Pallan, 554 F.2d 947, 951 n.5 (9th Cir. 1977). A motion to intervene meets the requirements of Fed.R.Civ.P. 24(a)(2) for intervention as of right if: (1) the motion is timely; (2) the movant asserts an interest relating to the property or transaction that is the subject of the action; (3) without intervention the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) that interest is inadequately represented by the other parties. County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980). In its April 23, 1980 order the Arizona district court based its denial of Clark and Martin's motion on untimeliness and on the fact that "(t)he arguments available to Petitioner Clark have already been thoroughly and capably presented by Defendants Phillips and/or Douglas."
 
 
 12
 We will overturn a district court ruling that an intervention motion is untimely only if the court abused its discretion. NAACP v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). There was no abuse of discretion here. We have previously stated that the factors usually weighed in determining timeliness are the stage of the proceedings, the reasons for and length of the delay, and the prejudice to other parties if intervention is permitted. Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir.) (per curiam), cert. denied sub nom. Beaver v. Alaniz, 439 U.S. 837, 99 S.Ct. 123, 58 L.Ed.2d 134 (1978). Here, the district court found that Martin was aware by March 7, 1978 that Petrol Stops sought his grand jury testimony.[5] Yet Martin and Clark's counsel first expressed a desire to be heard on behalf of his clients on March 27, 1980. In its supplemental memorandum filed after rehearing the motion to intervene, the court further noted that before entering a nolo contendere plea in the criminal proceeding in December 1975, Douglas had requested transcripts of all testimony by its employees, and that Petrol Stops had filed its original petition for the grand jury testimony in December 1976. In light of this chronology, we cannot find that the Arizona district court abused its discretion in denying the motion to intervene as untimely.
 
 
 13
 Moreover, the district court also considered the extent to which permitting intervention would prejudice Petrol Stops perhaps the most important factor in determining the timeliness of a motion to intervene as of right. McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970). In its supplemental memorandum the court summarized the effect of the proposed intervention on Petrol Stops:
 
 
 14
 The proposed intervenors first appeared in this case years after plaintiff's original petition for the grand jury transcripts, one working day before a hearing which may have yielded plaintiff's long sought remedy, and with pleadings arguing that all, not simply Martin and Clark's grand jury testimony, should not be turned over to plaintiff.
 
 
 15
 The court concluded that Petrol Stops "would be greatly and unjustly prejudiced by the arrival of intervenors at this late stage of the proceedings." Thus the crucial prejudice factor, as well as considerations of chronology, supports the court's finding that the intervention motion was untimely.
 
 IV.
 
 16
 Appellants Douglas and Conoco challenge the district court's attempt to modify its order of April 3, 1980 by providing, in a minute order dated October 20, 1980, that Petrol Stops "be granted leave to examine such Grand Jury documents, and copy such documents as (it) may find material for the trial of this case." The April 3 order, from which Appeals Nos. 5320 and 5321 were taken, provided that "no transcript or copy provided pursuant to this Order shall be further copied or reproduced in whole or in part."
 
 
 17
 Appellants filed their notice of appeal on April 30, 1980. This step transferred jurisdiction over any matters involved in the appeal from the district court to this court. G & M, Inc. v. Newbern, 488 F.2d 742, 746 (9th Cir. 1973). Even if the district court's October 20 minute order may be characterized as mere correction of a "clerical mistake" or "oversight" pursuant to Fed.R.Civ.P. 60(a), the district court was without power to issue that order without obtaining leave of this court. Huey v. Teledyne, Inc., 608 F.2d 1234, 1237 (9th Cir. 1979).
 
 
 18
 Accordingly, we vacate the October 20, 1980 minute order. On remand, the district court will have jurisdiction properly to amend its April 3 order should it determine that modification is appropriate.
 
 
 19
 The minute order of October 20, 1980 is vacated. The April 3, 1980 order granting Petrol Stops access to the documents at issue is affirmed, as is the denial of appellants Clark and Martin's motion to intervene. The case is remanded for further proceedings in conformity with this opinion.
 
 
 
 *
 The Honorable Russell E. Smith, Senior District Judge for the District of Montana, sitting by designation
 
 
 [1]
 The California district court relied on the five reasons for grand jury secrecy that the Supreme Court had approved in United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6, 78 S.Ct. 983, 986 n.6, 2 L.Ed.2d 1077 (1958), and reaffirmed in Douglas Oil Co. v. Petrol Stops Northwest, supra, 441 U.S. at 219 n.10, 99 S.Ct. at 1673, n.10. These are:
 (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial when there was no probability of guilt.
 
 
 [2]
 The California district court noted that the first three reasons for grand jury secrecy were "of no pertinence whatsoever" in the instant case, since the grand jury was no longer in session and the criminal proceedings had terminated. The weight of the fourth factor encouraging untrammeled disclosure was sharply reduced by the fact that the transcripts Petrol Stops sought had already been released to Douglas and Phillips, so that disclosure to Petrol Stops would create no additional risk of reprisal by Douglas and Phillips against employees who had testified. The relevance of the fifth factor was greatly diminished because Douglas and Phillips had pleaded nolo contendere
 
 
 [3]
 We note that the Eighth Circuit approved a district court's order that provided that witnesses whose transcribed grand jury testimony was to be disclosed would be notified of that fact and given an opportunity, should they so desire, to read the portions of their testimony that were to be disclosed. In re Disclosure of Testimony Before the Grand Jury, 580 F.2d 281 (8th Cir. 1978)
 
 
 [4]
 Fed.R.Civ.P. 24(a)(2) provides:
 Upon timely application anyone shall be permitted to intervene in an action: (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 [5]
 The district court was unable to determine when Clark first became aware that his testimony was sought. The burden is on Clark, however, to demonstrate that the conditions for intervention, including timeliness, were satisfied. United States Postal Service v. Brennan, 579 F.2d 188, 191 (2nd Cir. 1978)