945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene BERNARDI, individually and on behalf of the class she
represents, Plaintiffs-Appellees,
Mark G. Levitoff, Intervenor-Appellant,
v.
Clayton YEUTTER, Secretary of Agriculture, Defendant-Appellee.
 No. 90-15550.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1991.
Decided Sept. 25, 1991.
 
 Before SCHROEDER, BEEZER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Levitoff appeals the district court's denial of his motion to intervene, on behalf of himself and other similarly situated males,[1] in a civil rights class action between female employees of the Forest Service and the Secretary of Agriculture. We affirm.
 
 
 3
 * The female class action was originally filed in June 1973. Following six years of litigation, the female class and the Secretary agreed to enter into a consent decree that was to last five years and was based on the goal of eliminating the underrepresentation of women within a specified area of the Forest Service. In July 1986, the female class moved for an order holding the Secretary in contempt of court for failure to comply with the consent decree. The female class succeeded in its request, and the consent decree was extended for a period of three years by order of the district court.
 
 
 4
 On February 28, 1990, the male class lodged documents with the district court in an attempt to intervene in the female class action and obtain injunctive relief. On that same day, without a hearing, a district judge not assigned to the female class action signed the male class' proposed Temporary Restraining Order. Two days later, the district judge assigned to the female class action held a hearing on the motion to intervene and the requests for injunctive relief. At the hearing, the district court denied the motion to intervene, dissolved the Temporary Restraining Order and denied any further injunctive relief. The male class timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 II
 
 5
 We apply a four-part test in determining whether a motion to intervene as of right meets the requirements of Fed.R.Civ.P. 24(a)(2). The district court must determine whether:
 
 
 6
 (1) the motion is timely; (2) the movant asserts an interest relating to the property or transaction that is the subject of the action; (3) without intervention the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) that interest is inadequately represented by the other parties.
 
 
 7
 Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1009 (9th Cir.), cert. denied, 454 U.S. 1098 (1981).
 
 
 8
 The district court held that the male class' motion to intervene was untimely. We review this decision for an abuse of discretion. County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir.1986), cert. denied, 480 U.S. 946 (1987). The male class attempted to intervene in litigation that had been pending for seventeen years. A consent decree had already been approved by the court. The Order entering the decree was filed approximately nine years before the male class moved to intervene. During this nine year period, the district court had evaluated the Secretary's compliance with the consent decree and had ruled that the Secretary had failed to fully implement the decree. Based on this finding, the district court extended the decree for a three year period.
 
 
 9
 In light of the time and resources invested by the court and the parties in establishing the consent decree and ensuring its implementation, it was not an abuse of discretion for the court to deny the male class' motion to intervene. See id. at 538; Petrol Stops Northwest, 647 F.2d at 1009-1010; Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir.), cert. denied, 439 U.S. 837 (1978). Moreover, the male class has failed to show that it lacked knowledge of the female class action or the consent decree during the time it delayed filing its motion to intervene. Thus, it has failed to convincingly explain its reasons for delay. See id.
 
 
 10
 The male class' reliance on Martin v. Wilks, 490 U.S. 755 (1989), is misplaced. Martin involved an attempt by a group of white firefighters to collaterally attack a consent decree when they had not attempted to timely intervene in the proceeding that established the consent decree. See id. at 762. The Martin Court was faced with the issue of whether collateral attack of a consent decree was appropriate. Moreover, in Martin, the Eleventh Circuit affirmed the district court's denial of a separate group of white firefighters' motion to intervene in the proceeding that had established the consent decree. The Eleventh Circuit held that the denial of the motion to intervene was not an abuse of discretion because the firefighters could have instituted a collateral attack on the consent decree. See id. at 760. The male class in this case, just as the firefighters in Martin, can attempt to collaterally attack the consent decree.
 
 
 11
 Because we conclude that the male class' motion was untimely, we do not have to determine whether the male class meets the remaining elements of this circuit's test or whether the district court erred in denying the male class' requested injunctive relief.
 
 
 12
 Finally, the female class has requested attorneys' fees pursuant to 42 U.S.C. § 2000e-5(K). We note that § 2000e-5(K) "is couched in permissive language." Schaeffer v. San Diego Yellow Cabs, Inc., 462 F.2d 1002, 1008 n. 5 (9th Cir.1972). We decline to award any attorneys' fees or costs on this appeal.
 
 
 13
 Accordingly, the district court's denial of the male class' motion to intervene is AFFIRMED, and the female class' request for attorneys' fees is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 For the purpose of convenience, the intervenors will be referred to as the "male class."