**DIVERSIFIED PRODUCTS CORPORA-TION and Newman, Dukes & Cline, Inc.**

v.

**SPORTS CENTER CO., Inc., Nathan Bernstein d/b/a Sports Center and Billard Barbell Company, Inc.**

Civ. No. 16848.

United States District Court
D. Maryland.
April 14, 1967.

George M. Hopkins, Newton, Hopkins, Jones & Ormsby, Atlanta, Ga., Francis J. Meagher, Goodman, Meagher & Enoch, Baltimore, Md., and Jack J. Rawitscher, Dixie & Schulman, Houston, Tex., for plaintiffs.

Harvey B. Jacobson and Harvey B. Jacobson, Jr., Washington, D. C., and Harry K. Lott and Herbert J. Belgrad, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

A. Defendants in this patent case have submitted to each of the plaintiffs a series of interrogatories, preceded by two pages of "definitions", which include the following paragraphs:

> "The term 'document' as used in these Interrogatories includes any writing of any kind, or description, including (but not limited to) the original and all copies and drafts of: memoranda; letters; notes, either in pencil or in ink, or typewritten; communications of any kind, except oral; drawings of any kind, tracings, blueprints, sketches; flow diagrams; photographs; notebooks; instructions; invoices, bills; receipts; and any other written, printed or drawn material."

> "Where a document is required to be identified, listed or described in response to any one of these Interrogatories, the following information shall be given: (a) date; (b) present

location; (c) person who prepared document; (d) person or persons to whom it was sent or given or disclosed; (e) name of organization each of the persons named in the answer to (c) and (d) represented or with which each person was connected; (f) substance of the statement or showing contained in the document; and (g) occasion for and/or circumstances under which it was made."

Plaintiffs have objected to all the interrogatories for various reasons, arguing first that the "definitions" make all the interrogatories unduly burdensome, because they require plaintiffs to refer back to the definitions to determine the scope of every question, and because they expand unreasonably the amount of information which is requested. Plaintiffs ask the Court to rule on the propriety of the use of "definitions", stating that their use is increasing and that plaintiffs' attorneys have been unable to find any decision in point.

■■ The use of definitions is not prohibited by the Federal Rules of Civil Procedure. Prefacing a long series of interrogatories by reasonable definitions may be helpful, avoiding tedious repetition. But the use of unreasonable "definitions" may render the interrogatories so burdensome to the answering party and to the Court, that objections to the entire series should be sustained with sanctions, whether or not an occasional interrogatory might be reasonable. Even if the interrogatories are considered one by one, the answering party is required to incorporate the applicable "definitions" in each question. The definitions in this case, particularly (f) and (g) in the second paragraph quoted above, have so expanded the information requested that many of the interrogatories are unduly burdensome.

■ B. Plaintiffs also contend that certain interrogatories are "objectionable for requiring a legal opinion". An interrogatory is not objectionable merely because it involves an opinion,

contention or legal conclusion. Efforts to draw clear lines between facts and opinions have been unsuccessful and the trend of the cases is to permit "factual" opinions. See Taylor v. Sound Steamship Lines, D.Conn., 100 F.Supp. 388 (1951); Bynum v. United States, E.D. La., 36 F.R.D. 14 (1964); Zinsky v. New York Central R.R., N.D.Ohio, 36 F.R.D. 680 (1960); 4 Moore's Federal Practice, ¶ 33.17, 2d ed. (1966). Inquiries which in some measure call for legal conclusions can be useful in narrowing and sharpening the issues, which is a major purpose of discovery. In appropriate cases the Court may order that such interrogatories be answered at a later time, or after designated discovery has been completed, or at a pretrial conference.

■■ C. Defendants have added to each series of interrogatories the following statement:

"The foregoing Interrogatories are to be deemed continuing, requiring supplemental answers if plaintiff * * * obtains further information applicable to any Interrogatories after answers are filed."

Unless otherwise ordered by the Court or by agreement of parties, a party who has responded to a request for discovery with an answer that was complete when made is under no duty to supplement his answer to include information thereafter acquired, except that he is under a duty seasonably to supplement his answer with respect to any question directly addressed to the identity and location of persons having knowldege of discoverable matters and the identity and stated subject matter of each person who will be called as an expert witness at trial. Supplemental interrogatories may be filed in order to bring up to date the answers to particular interrogatories, and the Court may make appropriate provisions with respect thereto in a pretrial order.

Rulings on individual interrogatories are made in the accompanying order.