**TEMPLE UNIVERSITY—of the Commonwealth System of Higher Education**

v.

**SALLA BROTHERS, INC., t/a General Air, Universal General Associates, Inc., Air Filter Service of Philadelphia, Inc., Berlin Associates, Vincent J. Salla, and Joseph A. Salla.**

Civ. A. No. 85–1426.

United States District Court,
E.D. Pennsylvania.

Oct. 14, 1986.

Walter Weir, Jr., Philadelphia, Pa., for plaintiff.

Edward F. Borden, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, Senior District Judge.

The plaintiff, Temple University, brought this action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1964(a)[1] and 1964(c),[2] to recover damages which it allegedly suffered as a result of the defendants' alleged conspiracy and scheme to defraud it by bribing some of its employees to procure business, by overcharging it for goods the defendants sold to it, and by charging it for goods the defendants sold to it but did not deliver.[3] The defendants are Salla Brothers, Inc., trading as General Air; Universal General Associates, Inc.; Air Filter Service of Philadelphia, Inc.; Berlin Associates; and two individuals, Vincent J. Salla and Joseph A. Salla, who are alleged to be shareholders, directors, officers, employees, and/or agents of the corporate defendants.

Presently before the Court are the following motions: (1) the defendants' motion

---

1. 18 U.S.C. § 1964(a) reads as follows:

    (a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

2. 18 U.S.C. § 1964(c) reads as follows:

    (c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

3. In addition, the plaintiff asserts common law claims of breach of contract, fraud, tortious interference with contractual and agency relations, and unjust enrichment.

to dismiss the complaint;[4] (2) the plaintiff's motion for partial summary judgment;[5] (3) the defendant's application for a preliminary injunction;[6] and (4) the plaintiff's motion to compel discovery.[7]

*I. Defendants' motion to dismiss the complaint*

In support of their motion to dismiss the complaint, the defendants raise the following four grounds:

1. The RICO claims do not state a claim upon which relief can be granted;

2. The complaint fails to particularize allegations of fraud and to set forth a plain statement of the facts on which the claims for relief are based;

3. The pendent claims should not be heard in the absence of a viable federal claim, especially when a state court proceeding between the same parties is pending; and

4. The service on their receptionist was improper because she was unauthorized to receive process.

The Court will dispose of the defendants' claims seriatim.[8]

*A. Sufficiency of the RICO allegations to state a claim upon which relief can be granted*

*1. Failure to allege an injury which flows from a "pattern of racketeering activity" and failure to allege that the defendants were convicted of the predicate acts*

The defendants contend that the plaintiff failed to allege the "racketeering enter-

prise injury" which they assert is required by 18 U.S.C. § 1964(c)[9] and that the plaintiff failed to plead that convictions resulted from the alleged predicate acts. The defendants submitted their brief before the Supreme Court handed down its decision in *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), and expressly rejected the defendants' argument that a plaintiff must allege a "racketeering injury." The Court further held that it could find no support in RICO's history or language, or from considerations of policy for a requirement that a private treble damages action under 18 U.S.C. § 1964(c) can proceed only against a defendant who has already been convicted of the predicate acts.

*2. Failure to allege enterprises which are distinct from the "pattern of racketeering injury" and the "person"*

In Count I of the complaint, the plaintiff alleges that it is an "enterprise" within the meaning of 18 U.S.C. § 1961(4)[10] and § 1962(c), that each defendant is a "person" as defined by 18 U.S.C. § 1961(3),[11] and that the defendants violated 18 U.S.C. § 1962(c) based on predicate acts of mail fraud, commercial bribery, and a violation of the Travel Act. Section 1962(c) prohibits "a person employed by or associated with any enterprise engaged in ... interstate or foreign commerce," from participating in the enterprise's activities through racketeering.

---

4. Docket Entry No. 6.

5. Docket Entry No. 7. The defendants filed a cross-motion to deny the plaintiff's motion for partial summary judgment as premature (Docket Entry No. 10). The Court believes that the defendants' response is more in the nature of an answer to the motion and will treat it as such.

6. Docket Entry No. 11.

7. Docket Entry No. 24.

8. In ruling on the defendants' motion to dismiss, which is based in part on Fed.R.Civ.P. 12(b)(6), the Court must accept the allegations in the complaint as being true. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

9. *See* footnote 2.

10. 18 U.S.C. § 1961(4) reads as follows:

As used in this chapter—
(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

11. 18 U.S.C. § 1961(3) reads as follows:

As used in this chapter—
(3) "person" includes any individual or entity capable of holding a legal or beneficial interest in property.

■ With respect to Count I, the defendants argue that the identity between the victim and the enterprise cannot withstand scrutiny. The Court notes that contrary to the defendants' argument, there is no prohibition that an enterprise may not also be a victim of the pattern of racketeering injury. *United States v. Provenzano*, 688 F.2d 194 (3d Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982); *United States v. Scotto*, 641 F.2d 47 (2d Cir.1980), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981). The Court therefore rejects the defendants' contention.

The defendants also contend generally and with respect to Count V that the plaintiff failed to plead the existence of an enterprise separate and apart from the underlying prohibited activity. In support of their argument, the defendants rely on *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981), in which the Court stated that "the 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." The Court further stated that:

> The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. § 1961(1) (1976 ed., Supp. III). The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise.

*Id.* at 584, 101 S.Ct. at 2529.

■ This Court observes that the plaintiff alleges the existence of an "enterprise" in Counts I–IV and VI consisting of the plaintiff, all of the corporate defendants, Salla Brothers, Inc., and that in Count V, the plaintiff alleges that the enterprise consists of a union associated in fact although not a legal entity which is composed of the plaintiff's former employees and the defendants. The plaintiff further alleges that the defendant corporations supplied goods and services to it and that the pattern of racketeering activity includes repeated acts of mail fraud and commercial bribery and violations of the Travel Act.

The Court believes that with respect to Counts I–IV and VI the plaintiff has sufficiently alleged in each count that the enterprise was an ongoing organization with a framework or structure for making decisions; that its members functioned as a continuing unit; that the defendants engaged in a pattern of racketeering activity consisting of repeated acts of mail fraud and commercial bribery and violations of the Travel Act; and that therefore the plaintiff has sufficiently alleged an enterprise that is separate and apart from the acts of racketeering committed by the defendants.

■ With respect to Count V, however, the Court believes that the allegations show that the plaintiff's former employees and the defendants were associated together for no other purpose than to defraud the plaintiff. The Court therefore concludes that with respect to Count V, the plaintiff fails to allege the existence of an enterprise separate and apart from the pattern of racketeering activity and that Count V must be dismissed.

Concerning Counts II through VI, the defendants argue that the plaintiff failed to allege what racketeering activity was conducted through the enterprises. On the contrary, the plaintiff alleges in Counts II through VI that the racketeering activity perpetrated by the enterprises involved repeated acts of mail fraud and commercial bribery and violations of the Travel Act.

■ The defendants next contend that the plaintiff's allegations in Counts IV and VI run afoul of *B.F. Hirsch v. Enright Refining Co., Inc.*, 751 F.2d 628 (3d Cir. 1984), because the plaintiff names the corporate defendants as persons and as enterprises. In *B.F. Hirsch*, the court observed that 18 U.S.C. § 1962(c) provides that the "person" must be employed by or associated with an "enterprise"; that the corporate

defendant clearly was not employed by the corporate defendant nor was it logical to say that the corporate defendant was associated with the corporate defendant; and that therefore the "person" charged with a section 1962(c) RICO violation cannot be the same entity as the "enterprise."

In this case, the Court concludes that the defendants properly invoke *B.F. Hirsch* to dismiss Count IV of the complaint insofar as it contains allegations of violations of 18 U.S.C. § 1962(c) because the plaintiff alleges that each defendant is a person and that the corporate defendants are each an enterprise, and that each defendant violated 18 U.S.C. § 1962(c).

■ With respect to Count IV, the Court observes that although the holding of *B.F. Hirsch* prohibits the corporate defendants from being named as a person and as an enterprise and charged with a section 1962(c) RICO violation, it does not preclude the plaintiff from alleging in Count IV that the individual defendants, Joseph A. Salla and Vincent J. Salla, are persons, that the corporate defendants are each an enterprise, and that the individual defendants violated 18 U.S.C. § 1962(c). Nevertheless, the Court will dismiss Count IV because the allegation concerning the individual defendants is identical to the allegation in Count II.

■ The Court notes further that the plaintiff has drafted Count IV to include an allegation that each defendant violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). While the holding of *B.F. Hirsch* does not preclude such an allegation, the Court is unable to dismiss the 18 U.S.C. § 1962(c) allegation without also dismissing the allegation regarding conspiracy. The Court will therefore dismiss Count IV without prejudice to the plaintiff to replead this Count.

■ In contrast to Count IV, which alleges that the defendants violated 18 U.S.C. 1962(c), Count VI alleges that each defendant violated 18 U.S.C. 1962(a). The holding of *B.F. Hirsch*, however, applied to 18 U.S.C. § 1962(c) and not to 18 U.S.C. § 1962(a), which makes it unlawful for any person to use money derived from a pattern of racketeering activity to invest in an enterprise. Indeed, the court in *B.F. Hirsch* noted with approval statements contained in *Haroco, Inc. v. American National Bank and Trust Company of Chicago*, 747 F.2d 384 (7th Cir.1984), *aff'd on other grounds*, 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), to the effect that in the case of a violation of 18 U.S.C. § 1962(a), the defendant enterprise may be charged with a RICO offense. In *Haroco*, the court observed that with respect to 18 U.S.C. § 1962(c), the "enterprise" and the "person" must be distinct and that:

[A] corporation-enterprise may be held liable under subsection (a) when the corporation is also a perpetrator. As we parse subsection (a), a "person" (such as a corporation-enterprise) acts unlawfully if it receives income derived directly or indirectly from a pattern of racketeering activity in which the person has participated as a principal within the meaning of 18 U.S.C. § 2, and if the person uses the income in the establishment or operation of an enterprise affecting commerce. Subsection (a) does not contain any of the language in subsection (c) which suggests that the liable person and the enterprise must be separate. Under subsection (a), therefore, the liable person may be a corporation using the proceeds of a pattern of racketeering activity in its operations. This approach to subsection (a) thus makes the corporation-enterprise liable under RICO when the corporation is actually the direct or indirect beneficiary of the pattern of racketeering activity.

*Id.* at 402 (footnote omitted). This Court's reading of *Haroco* and *B.F. Hirsch* leads the Court to conclude that the defendants might be held liable under section 1962(a).

■ The defendants next attack Count II through IV with their argument that the plaintiff impermissibly alleges one or more of the corporate defendants as the enterprise; that the plaintiff seeks damages from them under the theory that the enterprise participated in and ratified the allegedly illegal conduct of the individual defendants; and that the plaintiff's theory

renders the *B.F. Hirsch* analysis "functionally moot" because plaintiffs would always be able to sue corporate officers directly yet seek recovery from the corporation.

The defendants cite only *B.F. Hirsch v. Enright Refining Company, Inc.*, 751 F.2d 628 (3d Cir.1984), as authority for their position. *B.F. Hirsch* holds that the plain meaning of the language of 18 U.S.C. § 1962(c) compels the conclusion that a "person" charged with an 18 U.S.C. § 1962(c) violation cannot be the same entity as the "enterprise" which employed it or with which it was associated. *B.F. Hirsch* does not hold that an officer of the corporate enterprise may not be a "person" when the corporation for which the officer works is the "enterprise" within the meaning of 18 U.S.C. § 1962(c) nor does it refer to the party from whom the plaintiff may recover damages. This Court does not read *B.F. Hirsch* to compel the dismissal of Counts II and III for the vague reasons suggested by the defendants. (The Court concluded above that it would dismiss Count IV.)

### 3. Failure to allege a nexus with organized crime

■ The defendants contend that the plaintiff has failed to state a valid RICO claim because it failed to allege that any of the defendants' activities involved organized crime. Civil actions under RICO, however, are not limited to situations in which there is a tie to organized crime. *Gilbert v. Prudential-Bache Securities, Inc.*, 769 F.2d 940 (3d Cir.1985).

### 4. Failure to plead at least two predicate acts

■ The defendants argue that the plaintiff failed to plead at least two predicate acts of racketeering activity, as required by 18 U.S.C. §§ 1961(1) and (5) and 1962(a) and (c), because it failed to allege violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1952 (the Travel Act), and 18 Pa.C.S. § 4108 (commercial bribery) with particularity in accordance with Fed.R. Civ.P. 9(b), which pertinently provides that "[i]n all averments of fraud ..., the cir-cumstances constituting fraud ... shall be stated with particularity."

In *Seville Industrial Machinery Corp. v. Southwest Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985), the court described the application of Rule 9(b) to civil RICO cases:

> We approach this question mindful of our recent admonition that in applying Rule 9(b), "focusing exclusively on its 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'" *Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 100 (3d Cir.1983) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298, at 407 (1969)). We conclude that the district court subjected Seville's allegations of fraud to too strict a scrutiny. Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.

With respect to the plaintiff's allegations that the defendants violated 18 U.S.C. § 1341 the defendants contend that the plaintiff failed to specify "dates, parties, circumstances or criminal intent surrounding such communications" and that "it is essential that defendants be apprised of the substance of the claims against them."

In *Seville*, the court addressed the defendants' contentions by stating that Rule 9(b) does not require allegations of date, place, or time. In this case, the Court believes that the plaintiff's allegation that from 1971 until 1984 the defendants unlawfully used the mail to send "false and fraudulent bids, invoices and bills" to the plaintiff with the cooperation and knowl-

edge of John Nardini, a former purchasing agent in the plaintiff's Purchasing Department, sufficiently apprises the defendants of the claims against them, and that these alleged violations of 18 U.S.C. § 1341 satisfy the requisite pattern of racketeering activity in accordance with 18 U.S.C. § 1961(1) and (5) and 18 U.S.C. § 1962(a) and (c). See *United States v. Davis,* 576 F.2d 1065 (3d Cir.), *cert. denied,* 439 U.S. 836, 99 S.Ct. 119, 58 L.Ed.2d 132 (1978), in which three acts of bribery constituted a pattern of racketeering activity, and *United States v. Weatherspoon,* 581 F.2d 595 (7th Cir.1978), in which the court held that each of five mailings was a separate offense of mail fraud, and that the five acts of mail constituted a "pattern of racketeering activity" because the defendant committed two or more acts of "racketeering activity."

■ The defendants further argue that the plaintiff's reliance on the commercial bribery provision of 18 Pa.C.S. § 4108 is inconsistent with the theory of the complaint; that the pleading is insufficiently stated as a matter of legal impossibility; and that the plaintiff fails to identify which of the defendants engaged in the alleged commercial bribery.

The plaintiff relies on 18 Pa.C.S. § 4108(a) and (c) which provide as follows:

§ 4108. Commercial bribery and breach of duty to act disinterestedly

(a) Corrupt employee, agent or fiduciary.—An employee, agent or fiduciary commits a misdemeanor of the second degree when, without the consent of his employer or principal, he solicits, accepts, or agrees to accept any benefit from another person upon agreement or understanding that such benefit will influence his conduct in relation to the affairs of his employer or principal.

. . . .

(c) Solicitation.—A person commits a misdemeanor of the second degree if he confers, or offers or agrees to confer, any benefit the acceptance of which would be criminal under subsections (a) or (b) of this section.

The Court reads 18 Pa.C.S. § 4108(a), as applied to the facts of this case, to require in part that one of the individual defendants, Vincent J. Salla or Joseph A. Salla, without the consent of his employer or principal, solicited, accepted, or agreed to accept a benefit from an employee of the plaintiff. The plaintiff, however, has alleged in the complaint that from 1971 until 1984, the defendants willfully and unlawfully agreed and conspired with each other to devise and participate in, and did devise and participate in a scheme to defraud the plaintiff by means of bribery and other acts. Since the plaintiff has alleged in effect that there was consent on the part of the employer, its reliance on 18 Pa.C.S. § 4108(a) is misplaced. The Court observes, however, that 18 Pa.C.S. § 4108(c), which concerns solicitation, does not require a lack of consent. The Court therefore concludes that the plaintiff, which alleged that the defendants conferred numerous benefits on the plaintiff's employees in exchange for receiving contracts, sufficiently alleged a predicate act based on 18 Pa.C.S. § 4108(c).

■ The defendants next claim that the plaintiff incorrectly relies on the Travel Act, 18 U.S.C. § 1952, as another RICO predicate act because the plaintiff fails to apprise the defendants of how their conduct violated that Act, which makes it a federal offense to travel or use a facility in interstate commerce to commit "bribery . . . in violation of the laws of the State in which committed or of the United States."

Upon reviewing the complaint, the Court observes that the plaintiff alleges that from 1971 until 1984, the defendants "used and caused to be used mail depositories of the U.S. Postal Service by knowingly placing and causing to be placed in these depositories, *inter alia,* false and fraudulent invoices," and that the defendants' action constitutes a violation of the Travel Act, since the defendants effectuated bribery transactions in violation of the Pennsylvania commercial bribery statute, 18 Pa.C.S. § 4108.

The Court believes that the plaintiff has sufficiently alleged violations of the Travel

Act, as well as of 18 U.S.C. § 1341 and 18 Pa.C.S. § 4108(c) to withstand a motion to dismiss based on Rule 9(b).

### 5. Attempt to create a federal remedy for a common law commercial dispute outside the scope of RICO

The defendants next argue that Congress never intended RICO to provide a civil cause of action for treble damages for mail fraud and commercial bribery. Contrary to their argument, however, RICO expressly provides for causes of action based on mail fraud and commercial bribery. Indeed, 18 U.S.C. § 1961(1) defines "racketeering activity" as including mail fraud (18 U.S.C. § 1341) and bribery under state law punishable by more than one year (18 Pa.C.S. § 4108).[12]

### B. Sufficiency of the complaint to set forth a plain statement of the facts

■ The defendants contend that the complaint is so vague that they cannot respond to it and seek a more definite statement. The defendants further state that in paragraph eighteen of the complaint, the plaintiff failed to identify the plaintiff's employees and to describe the relationships between the defendants and the plaintiff's employees. While the defendants correctly note that paragraph eighteen does not describe details, this Court observes that in paragraphs twelve through fourteen, the plaintiff identifies and describes the positions of its employees who were involved in the alleged scheme with the defendants; that in paragraph sixteen, the plaintiff alleges that the defendants carried out their scheme and conspiracy to defraud by paying bribes to the plaintiff's employees; and that in paragraph nineteen, the plaintiff sets forth the amounts of the bribes that were allegedly paid to the plaintiff's employees in order to achieve the objectives set forth in paragraph fifteen, which are described as conversion, misappropriation and theft of money and property from the plaintiff.

In addition, the defendants argue that the plaintiff alleges that the defendants fraudulently concealed their conduct from the plaintiff, yet fails to specify this alleged fraud. The Court believes that the defendants have sufficient knowledge from the other allegations to place them on notice of the misconduct with which they are charged.

### C. Pendent Jurisdiction

■ Counts VII–XI are state law claims. The defendants seek dismissal of these counts on the assumption that Counts I–VI, the only bases of federal jurisdiction, will be dismissed. Since only Counts IV and V have not survived the defendants' motion to dismiss, pendent jurisdiction is still applicable as a proper basis

12. The defendants argue in a footnote in their brief that the plaintiff's six allegations of conspiracy pursuant to 18 U.S.C. § 1962(d) are deficient because they merely allege an agreement to commit predicate acts and fail to set forth the composition of the conspiracy, the underlying agreement, and the pertinent dates. Section 1962(d) pertinently provides that it is unlawful for any person to conspire to violate 18 U.S.C. § 1962(a) or 1962(c). In *United States v. Riccobene,* 709 F.2d 214 (3d Cir.), *cert. denied sub nom. Ciancaglini v. United States,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983), the court observed that RICO prohibits an agreement to conduct or participate in the conduct of an enterprise's activities through the commission of predicate offenses and noted that the key element is proof that the various crimes were performed in order to assist the enterprise's involvement in corrupt endeavors.

The plaintiff alleges in the complaint that from 1971 until 1984, the defendants willfully and unlawfully agreed and conspired together, with each other, and with some of the plaintiff's former employees, to devise and participate in, and did devise and participate in a scheme to defraud the plaintiff by means of bribery, false and fraudulent pretenses, representations, promises, performance and nonperformance of their contractual obligations to the plaintiff. The plaintiff further describes in the complaint the conspiracy's objectives and the criminal acts performed by the defendants in furtherance of the conspiracy.

This Court's reading of the complaint leads the Court to conclude that the plaintiff alleged more than a mere agreement to commit predicate acts and has sufficiently described the members of the conspiracy, the relevant dates, and the underlying agreement. The Court further concludes that the allegations show that the defendants acted voluntarily and intentionally, and not because of mistake, accident, or other innocent reason, and that the allegations are sufficient to withstand a motion to dismiss.

of jurisdiction for the claims of Counts VII–XI.[13]

### D. Service of process

■ The defendants next argue that service of process was ineffective because copies of the complaint were served on the corporate defendants' receptionist who attests in an affidavit accompanying the defendants' brief that she had no authority to receive the process.

The Court observes that the plaintiff rectified the alleged improper service by reserving all the defendants by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), and that the rule required the defendants to acknowledge their receipt of a copy of the summons and complaint, which they did. Since service of process has been made on all of the defendants, the Court rejects their argument.

In summary, the Court denies the defendants' motion to dismiss in part and grants the motion in part by dismissing Count IV of the complaint without prejudice and by dismissing Count V. It also believes that the plaintiff erroneously relies on 18 Pa.C.S. § 4108(a) as one of the predicate acts and therefore the Court will construe the plaintiff's reference in the complaint to 18 Pa.C.S. § 4108 as meaning only 18 Pa.C.S. § 4108(c).

### II. Plaintiff's motion for partial summary judgment and defendants' application for a preliminary injunction

The plaintiff seeks partial summary judgment against all defendants as to liability with respect to Counts I, II, III, and VI, which involve RICO, and Counts VIII, X, and IX, which concern common law fraud, tortious interference with contractual and agency relations, and unjust enrichment. In support of its motion, the plaintiff submitted several documents to which it referred in its brief. This evidence perti-

nently included a copy of defendant Vincent J. Salla's testimony before a federal grand jury in the United States District Court for the Eastern District of Pennsylvania and a copy of payment records that were kept by Salla of his payments to the plaintiff's employees. Salla's payment records were reviewed by the grand jury.

The defendants have filed an application for a preliminary injunction in which they allege violations of the grand jury secrecy requirements of Rule 6(e) of the Federal Rules of Criminal Procedure and seek to enjoin the plaintiff's use of the grand jury testimony and the payment records. Before the Court rules upon the plaintiff's motion for partial summary judgment, it will consider the defendants' application.

### A. Application for a preliminary injunction

■ The evidence shows that Vincent J. Salla was granted immunity from prosecution and that he testified before a Federal Grand Jury, which handed down an indictment in the case of *United States v. John J. Nardini,* Criminal No. 84–00150–01, against ten former employees of the plaintiff who received money from the civil defendants in this case. Before trial, Judge James McGirr Kelly entered an order that denied all motions for production of evidence in advance of trial and that stated that the court strongly encouraged the Government to provide such material earlier than required to permit the defendants the opportunity to prepare adequately for trial. The Assistant United States Attorney made the grand jury testimony available to the *Nardini* defendants. In addition, Judge Kelly directed the *Nardini* defendants to cooperate with the plaintiff in its attempt to determine its losses and to negotiate restitution agreements with the *Nardini* defendants.

The plaintiff contends that it received Salla's grand jury testimony from Anthony

---

**13.** The defendants also argue that the Court should dismiss the state claims because the plaintiff has filed a "mirror-image state court case" against the defendants in which the plaintiff will "undoubtedly" allege the same common law causes of action as those raised in this Court. The Court notes that actions in federal and state court may proceed concurrently. The Court will therefore reject the defendants' argument. *See Vendo Company v. Lektro-Vend Corporation,* 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977).

D. Reagoso, Esquire, who was counsel for Charles R. Peck, one of the *Nardini* defendants who assisted the plaintiff with its investigation. The plaintiff also states that after the *Nardini* defendants were sentenced, an F.B.I. agent turned over to the plaintiff copies of certain payment records of Vincent J. Salla, which had been reviewed by the grand jury.

The defendants in this case principally argue that they are entitled to injunctive relief because the plaintiff's possession and use of the grand jury testimony and exhibit or Salla's payment records constitute a violation of Fed.R.Crim.P. 6(e), which concerns the recording and disclosure of grand jury proceedings.[14]

Rule 6(e)(2) provides a general rule of secrecy, which mandates that no obligation of secrecy may be imposed on any person other than a grand juror, a stenographer, an interpreter, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the Government, or Government personnel deemed necessary to assist an attorney for the Government. Rule 6(e)(3)(C) provides that disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made when so directed by a court in connection with a judicial proceeding and that if a court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in the manner the Court directs.

The plaintiff contends that no violation of Fed.R.Crim.P. 6(e) has occurred; that Rule 6(e) expressly states that no obligation of secrecy may be imposed except in accordance with this rule; that the defend-

ants have not cited a case that holds, or even suggests, that a violation of Rule 6(e) has occurred under the circumstances presented by this case in which the issue is whether having properly received Salla's grand jury testimony, one of the *Nardini* defendants was free to do with it as he pleased; and that the cases cited by the defendants are inapplicable to the instant case because they refer generally to the principles of grand jury secrecy.[15]

The Court observes that this case does not present a typical motion for production of grand jury material in accordance with Rule 6(e). Salla's grand jury testimony and his payment records are not in the possession of the Government, as is usually the case. *See* Fed.R.Crim.P. 6(e)(3)(C)(i); *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Moreover, the defendants' argument regarding the secrecy of grand jury testimony is not persuasive since the transcript and payment records are already out of the Government's custody and in the plaintiff's possession and parts of this material have been referred to in the *Nardini* indictment, in open court at the *Nardini* defendants' change of plea hearings, and in the Government's sentencing memorandum of the *Nardini* defendants, which are all now a matter of public record. Whatever secrecy would usually attach to grand jury materials has in effect already been abrogated. Accordingly, the Court concludes that this case does not fit within the pattern of the traditional rule requiring a showing of particularized need pursuant to Fed.R.Crim.P. 6(e) and that legal authority regarding policy considerations of grand

---

**14.** The defendants note in their memorandum that the plaintiff has not authenticated Vincent J. Salla's testimony and they assume *arguendo* its authenticity for the purpose of their application for a preliminary injunction.

**15.** The reasons for secrecy have been stated as follows:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the wit-

nesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect an innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir.1954), *quoted with approval in United States v. Proctor & Gamble,* 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958).

jury secrecy and disclosure of grand jury materials is inapplicable.[16] The Court believes that the defendants have not shown that the plaintiff's possession and use of Vincent J. Salla's grand jury testimony and payment records are improper. Moreover, the Court believes that the defendants have not shown that they will suffer irreparable harm if the Court does not enjoin the plaintiff's possession and use of Salla's testimony and records, that there is a likelihood that they will ultimately prevail on the merits, and that there is a lack of substantial harm to the plaintiff and to the public interest if the Court grants their application for injunctive relief. The Court concludes therefore that the defendants have not met their burden with respect to their application for a preliminary injunction and it is denied.

### B. Plaintiff's motion for partial summary judgment

■ The plaintiff seeks partial summary judgment against the defendants as to liability with respect to Count I, II, III, and VI, which involve RICO, and Counts VIII, X, and XI, which concern common law fraud, tortious interference with contractual and agency relations, and unjust enrichment. In support of its motion for partial summary judgment, the plaintiff submitted an appendix, which includes the following: (1) the indictment in *United States v. John J. Nardini,* Criminal No. 84–00150–01; (2) the transcript of the July 9, 1984 change of plea hearing of the *Nardini* defendants; (3) the Judgment and Probation/Commitment Orders of the *Nardini* defendants; (4) the testimony of Vincent J. Salla before

the grand jury; (5) the affidavit of Rodney D. Johnson, the Vice President for Financial Affairs and Treasurer in charge of the physical plant, purchasing, and accounting of the plaintiff; (6) the affidavit of C. Robert Harrington, the plaintiff's Associate Vice President for Personnel Administration; (7) the affidavit of John J. Nardini, a former purchasing agent in the plaintiff's purchasing department who entered a guilty plea in *United States v. John J. Nardini;* (8) the statement of William T. Street, a former employee in the plaintiff's physical plant and purchasing department who entered a guilty plea in *United States v. John J. Nardini;* and (9) Vincent J. Salla's payment records that were reviewed by the grand jury.

A motion for summary judgment should be granted only if the pleadings and depositions, answers to interrogatories, admissions on file, together with the affidavits show that there is no genuine issue as to any material fault and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. *Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court may consider any material which would be admissible at trial.

The defendants have filed a response to the plaintiff's motion for partial summary judgment in which they contend that the plaintiff's motion should be denied as premature and in the alternative, argue that the motion should be continued pursuant to Fed.R.Civ.P. 56(f) until twenty days after discovery is completed.[17] Rule 56(f) pro-

---

**16.** The Court notes that even if the policy reasons for secrecy, which are set forth in footnote 15, were applicable, the first three and the fifth reasons have no relevance here because the grand jury has completed its investigation, has returned its indictments, has been dismissed, and the indicted defendants have entered pleas of guilty and *nolo contendere* and they have been sentenced. With respect to the fourth reason, the Court observes that courts have ordered disclosure of grand jury materials to plaintiffs without impairing the willingness of witnesses to testify. *See Petrol Stops Northwest v. Continental Oil Co.,* 647 F.2d 1005 (9th Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 639 (1981); *Petrol Stops Northwest v. United States,* 571 F.2d 1127 (9th Cir.1978), *rev'd on*

*other grounds* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *Illinois v. Sarbaugh,* 552 F.2d 768 (7th Cir.), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *U.S. Industries, Inc. v. United States District Court,* 345 F.2d 18 (9th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965); *Atlantic City Electric Co. v. A.B. Chance Co.,* 313 F.2d 431 (2d Cir.1963); *SEC v. National Student Marketing Corp.,* 430 F.Supp. 639 (D.D.C.1977); *In re Cement-Concrete Block, Chicago Area,* 381 F.Supp. 1108 (N.D.Ill.1974); *Illinois v. Harper and Row Publishers, Inc.,* 50 F.R.D. 37 (N.D.Ill.1969).

**17.** Rule 56(f) provides that:
   (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party

vides relief to a party unable to respond to a motion for summary judgment because of insufficient opportunity for discovery. The purpose of the rule is to prevent premature grants of summary judgment in cases where, given adequate time to obtain discoverable material from the movant, the party opposing the motion might be able to establish genuine issues of fact which would preclude summary judgment. *McVan v. Bolco Athletic Co.*, 600 F.Supp. 375, 378 (E.D.Pa.1984). *See Ward v. United States*, 471 F.2d 667, 670–71 (3d Cir. 1973). Moreover, courts have held that a continuance of the motion for purpose of discovery should be granted as a matter of course when Rule 56(f) affidavits have been filed setting forth specific reasons why the moving party's affidavits in support of a motion for summary judgment cannot be responded to, and the facts are in the possession of the moving party. *Mid-South Grizzlies v. National Football League*, 720 F.2d 772, 779 (3d Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 364 (1984). *See Costlow v. United States*, 552 F.2d 560, 564 (3d Cir.1977).

In an affidavit submitted on behalf of all of the defendants, Vincent J. Salla states that the defendants seek to depose the plaintiff's former and current employees whose affidavits and statements are contained in an appendix which the plaintiff submitted with its motion for partial summary judgment.[18]

The Court believes that the defendants have shown their need for discovery and the Court will therefore order a continuance of the plaintiff's motion until twenty days after discovery is completed. The Court also notes that it did not find the plaintiff's memorandum of law in support of its motion for partial summary judgment to be very helpful. The Court suggests that if the plaintiff does not withdraw its motion for partial summary judgment, the plaintiff should submit another memorandum in which it identifies those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

## III. Plaintiff's motion to compel discovery

Pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, the plaintiff served the defendants with notices of depositions of Vincent J. Salla and Joseph A. Salla, and with its first request for production of documents. With respect to the depositions, the defendants assert that the noticed depositions were adjourned and never rescheduled and that the depositions of any defendant prior to the Court's ruling on their application for a preliminary injunction will be wasteful and duplicative. In addition, the defendants have refused to produce documents in response to three requests because they contend that document production will undermine their rights if they ultimately prevail on their application for a preliminary injunction regarding the grand jury materials. They also object on the grounds of relevancy, privilege, undue burden, and insufficient identification of information sought.

Concerning the depositions of Vincent and Joseph Salla, the Court believes that the defendants' argument is now moot because in the Order accompanying this Memorandum, the Court has denied the

opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

18. The pertinent information contained in the plaintiff's appendix includes:
   (1) the affidavit of Rodney D. Johnson, the Vice President for Financial Affairs and Trea-

surer in charge of the plaintiff's Physical Plant, purchasing, and accounting;
   (2) the affidavit of C. Robert Harrington, the Associate Vice President for Personnel Administration for the plaintiff;
   (3) the affidavit of John J. Nardini, the plaintiff's former purchasing agent; and
   (4) the statement of William T. Street, a former employee of the plaintiff in its physical plant.

defendants' application for preliminary injunction.

With respect to the document request, the defendants object to all eight requests, which provide:

1. All documents which refer, relate or otherwise pertain to any business or personal dealings of any nature with or payments to:

    a. Temple University;

    b. William Mathis;

    c. Thomas Siedzkowski;

    d. Richard Walsh;

    e. William T. Street;

    f. Bobby Miller;

    g. Raymond K. Miller;

    h. Walter Lewis;

    i. William T. Colbridge;

    j. John Nardini;

    k. Charles Peck; and/or

    l. Any other former or present Temple employees.

2. All documents which refer, relate or otherwise pertain to the purchase by Defendants and/or the sale by Defendants to Plaintiff of each item or service delivered by Defendants to Temple, including but not limited to invoices, bills of lading, evidence of payment, the vendor from whom Defendants obtained the item, and the amount paid by Defendants for the item.

3. For each and every year form 1971–1984, all documents which refer, relate or otherwise pertain to Defendants' five largest customers, other than Temple, to whom Defendants sold items or furnished services similar to those sold or furnished by Defendants to Temple.

4. All accounting records of Defendants including general ledgers, receipts disbursement journals, sales and accounts receivable records which refer, relate or otherwise pertain to Plaintiff.

5. All checking or bank account records of Berlin Associates.

6. All documents which refer, relate or otherwise pertain to any items or services delivered or supplied to William Mathis, Thomas Siedzkowski, Richard Walsh, William T. Street, Bobby Miller, Raymond K. Miller, Walter Lewis, and/or William T. Colbridge.

7. All documents which refer, relate or otherwise pertain to the computation or determination of prices charged or to be charged to Temple for items or services delivered.

8. All documents relating to any actual or potential claim or defense of any Defendant in this action or with respect to Temple's claims.

The first objection raised by the defendants is that document production will undermine their rights if they ultimately prevail on their application for a preliminary injunction regarding the grand jury materials. The Court disposes of this argument by noting that their contention is moot because the Court has denied their application for a preliminary injunction.

■■ The defendants further state that each of the plaintiff's document requests is an "all document" request which is improper because it is "sweeping and unparticularized." In support of their argument, the defendants cite *Biliske v. American Live Stock Insurance Company*, 73 F.R.D. 124 (W.D.Okla.1977), in which the court overruled as overly broad the defendants' request to have the plaintiffs produce "all correspondence received by the plaintiffs from any person within" a particular six-month period. The court held that the request was made without a sufficient showing that the information sought was relevant and without designating the documents desired with reasonable particularity. In the instant case, however, the plaintiff has designated in each request the subject of the documents sought and the people to whom the requested documents refer. The Court believes that in the document requests, the plaintiff seeks information that may provide relevant information.

■■ The defendants next contend that instruction B accompanying the plaintiff's document request is improper and resembles the instructions held to be unduly burdensome in *Diversified Products Corp. v. Sports Center Co.*, 42 F.R.D. 3 (D.Md. 1967). In *Diversified,* the court held that

certain interrogatories were overly burdensome because the definition of "document" accompanying the interrogatories required disclosure of the "substance of the statement or showing contained in the document" and the "occasion for and/or the circumstance under which it was made." *Id.* at 4.

Contrary to the defendants' assertion, instruction B accompanying the document requests in this case does not resemble the one attached to the interrogatories in *Diversified.* In the instant case, the plaintiff requested that the defendants provide an explanation regarding the whereabouts of a document only if they no longer possessed it, whereas in *Diversified,* explanations were requested any time a document was required to be identified. The Court believes therefore that the plaintiff's instruction B does not make the document requests unduly burdensome.

█ In addition, the defendants argue that the plaintiff's definition of "document" would include their counsel's files regarding the defendants in this and other proceedings. As support for their argument, the defendants cite *In re Arthur Treacher's Franchise Litigation,* 92 F.R.D. 429 (E.D.Pa.1981), in which this Court quashed a subpoena to an attorney which sought all documents "which refer or relate" to his client. In *Arthur Treacher's,* this Court noted that "obviously, as counsel to [the client, the attorney] will hardly have any document in his possession pertaining to this litigation which does not 'refer or relate' to [the client]." *Id.* at 439. *Arthur Treacher's* and the instant case are inapposite.

In *Arthur Treacher's,* the plaintiff filed a Notice of deposition of counsel to one of the defendants in that litigation and the subpoena commanded the attorney to bring to the deposition certain documents which specifically involved his client. In the instant case, however, the defendants, not their counsel, are requested to produce documents to which they have access or had access or which may be in their possession, custody, or control. Accordingly, the Court rejects the defendants' contention.

█ With respect to the plaintiff's third request, in which it seeks documents that refer, relate, or pertain to the defendants' five largest customers other than the plaintiff to whom the defendants have sold items or furnished services similar to those sold or furnished to the plaintiff, the defendants assert that the request is unreasonably broad and burdensome. In light of allegations in the complaint that the defendants overcharged the plaintiff for goods and services, the Court believes that the request is not unreasonably broad and burdensome and that the requested documents may provide relevant information.

█ The defendants further state that the plaintiff's fifth request for checking and bank account records of Berlin Associates demand information that their counsel obtained for trial preparation purposes and are subject to the protection of Fed.R. Civ.P. 26(b)(3). Rule 26(b)(3) would require that the plaintiff show that it has a substantial need for the discovery of trial preparation materials and is unable without undue hardship to obtain the information by other means. The Court believes that the defendants' invocation of Rule 26(b)(3) is not relevant here where the requested documents were not prepared for trial and the plaintiff alleges that the bank account of Berlin Associates was used to launder money received from the plaintiff and to generate cash with which to pay bribes to the plaintiff's former employees.

The defendants' final argument is that the plaintiff's eighth request for documents regarding the defendants' claims or defenses in this action is "objectionable because of its unconfined scope." They also argue that the request is "premature" because they have not yet filed their answer to the complaint.

█ The Court believes that the scope of the plaintiff's request is not "unconfined" because the request is limited to the defendants' claims or defenses in this action. Moreover, the Court does not believe that the defendants will have difficulty in understanding what is wanted. In addition, the Court notes that Rule 34(b) of the

Federal Rules of Civil Procedure provides that the plaintiff may serve a request for production of documents on the defendants after service upon them of the summons and complaint and that the defendants have been served with a summons and complaint. The Court rejects the defendants' argument.

An appropriate Order follows.

## ORDER

AND NOW, this 14th day of October, 1986 upon consideration of the defendants' motion to dismiss the complaint (Docket Entry No. 6); the plaintiff's memorandum in opposition to the defendants' motion to dismiss (Docket Entry No. 12); the plaintiff's motion for partial summary judgment (Docket Entry No. 7); the plaintiff's appendix in support of the motion for partial summary judgment (Docket Entry No. 8); the defendants' motion to deny the plaintiff's motion for partial summary judgment (Docket Entry No. 10); the plaintiff's memorandum in opposition to the defendants' cross motion to deny the plaintiff's motion for partial summary judgment (Docket Entry No. 14); the defendants' application for a preliminary injunction and the defendants' memorandum in support thereof (Docket Entry No. 11); the affidavit of Stephen Bosch (Docket Entry No. 13); the plaintiff's memorandum in opposition to the defendants' application for a preliminary injunction (Docket Entry No. 15); the exhibits to the plaintiff's memorandum of law in opposition to the defendants' application for a preliminary injunction (Docket Entry No. 16); the defendants' reply memorandum in support of the application for a preliminary injunction (Docket Entry No. 17); the defendants' proposed findings of fact and conclusions of law in support of their motion for a preliminary injunction (Docket Entry No. 22); the deposition of Robert Reinstein (Docket Entry No. 18); the deposition of Stephen Bosch (Docket Entry No. 19); the plaintiff's proposed findings of fact and conclusions of law in opposition to the defendants' application for a preliminary injunction (Docket Entry No. 26); the transcript from the hearing on the defendants' application for a prelimi-nary injunction (Docket Entry No. 23); the plaintiff's motion to compel discovery (Docket Entry No. 24); the defendants' memorandum in opposition to the plaintiff's motion to compel discovery (Docket Entry No. 25); and in accordance with the fore-going Memorandum, it is hereby OR-DERED that:

1. The defendants' motion to dismiss the complaint is DENIED in part and GRANTED in part. The Court GRANTS the motion in part by dismissing Count IV without prejudice and by dismissing Count V. Further the plaintiff may not rely on 18 Pa.C.S. § 4108(a) as a predicate act and its references in the complaint to 18 Pa.C.S. § 4108 shall be construed to mean only 18 Pa.C.S. § 4108(c). The Court DENIES the motion in all other respects;

2. The defendants' application for a preliminary injunction is DENIED;

3. The plaintiff's motion for partial summary judgment is CONTINUED until 20 days after discovery is completed, at which time the plaintiff shall submit, unless it withdraws its motion, another memorandum in support of its motion that specifies and particularizes those portions of the record which support its belief that summary judgment in its favor is appropriate. The defendants shall file their response, if necessary, to the plaintiff's motion for summary judgment within 20 days of their receipt of the aforementioned additional memorandum of the plaintiff;

4. The plaintiff's motion to compel discovery is GRANTED. The defendant shall produce all documents responsive to the plaintiff's first request for production of documents within 20 days of the entry of this Order. The defendants Vincent J. Salla and Joseph A. Salla shall appear for deposition within 30 days of the entry of this Order;

5. The defendants shall file an answer to the complaint within 20 days of the entry of this Order;

6. The parties shall submit a stipulation for the Court's consideration within 20 days of the entry of this Order which speci-

fies a discovery cut off date and a joint final pretrial order due date; and

7. The Court's Order of May 28, 1985 is DISSOLVED insofar as it directs the Clerk of Court to seal all papers filed in connection with the defendants' application and the plaintiff's motion for partial summary judgment.